**COZEN O'CONNOR**
Valerie D. Rojas, State Bar No. 180041
*vrojas@cozen.com*
Angel Marti, III, State Bar No. 305300
*amarti@cozen.com*
601 South Figueroa Street, Suite 3700
Los Angeles, CA  90017-5556
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZILA NEMAN, an individual; and BIJAN NEMAN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:19-cv-10104-RGK (AFMx)<br><br>**STATE FARM GENERAL INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE TRIAL DATE BY FOUR WEEKS TO SEPTEMBER 7, 2021**<br><br>[Filed Concurrently with Notice of *Ex Parte* Application; Declaration of Angel Marti, III; and [Proposed] Order]<br><br>Pre-Trial Conference:  07/26/21<br>Trial Date:             08/10/21 |

Defendant State Farm General Insurance Company ("State Farm") hereby submits the following Memorandum of Points and Authorities in support of its *Ex Parte* Application for an Order continuing the Trial Date from Tuesday, August 10, 2021, to Tuesday, September 7, 2021 ("*Ex Parte* Application").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

State Farm brings this *Ex Parte* Application for an Order continuing the trial date by four (4) weeks from August 10, 2021 to September 7, 2021, because State Farm's counsel is set to commence a four (4) day trial on August 3, 2021, in the matter styled *Shannen Doherty v. State Farm General Ins. Co., et al.,* Case No. 2:19-cv-01963 (the "*Doherty* Action"). While trial in the *Doherty* Action was set to commence on July 13, 2021 (and the parties were placed on trailing status on July 9, 2021), the *Doherty* Court issued an order two days ago (i.e., July 19, 2021) setting the trial date for August 3, 2021. Declaration of Angel Marti, III, ("Marti Decl."), ¶2. Accordingly, State Farm respectfully files the instant *Ex Parte* Application for a brief trial continuance, and good cause exists for the requested relief for several reasons.

One, this Court has broad discretion to manage its trial calendar to consider the time constraints imposed on counsel and continuing the trial date in this matter would allow State Farm's counsel to ensure completion of the *Doherty* trial and prepare for the trial in this matter. Two, the requested four week trial continuance will not cause any surprise or prejudice to Plaintiffs. Indeed, given the ongoing pandemic and the Court's prior trial continuances, Plaintiffs cannot reasonably argue that a four week trial continuance is surprising. For the same reasons, Plaintiffs cannot argue that a four week trial continuance will cause prejudice. Three, the requested trial continuance will not impact the orderly and efficient conduct of the case because the parties have diligently litigated this action. At present, the parties have submitted all required trial documents with the exception of the brief statement of the case, the jury instructions, and the verdict form – and State Farm is not seeking a deadline extension to file these documents. Four, State Farm's request for a trial continuance is not made in bad faith. As noted above, this *Ex Parte* Application was only prompted by the *Doherty* Court's recent order setting an August 3rd trial date. But for this order, State Farm would not have requested a trial continuance. Additionally, while State Farm would have requested a three week trial continuance, Plaintiffs' counsel advised she is

unavailable the week of August 30. Accordingly, a four week continuance is requested. Five, there have been no prior requests to continue the trial date in this matter.

## II.  LEGAL ARGUMENT

### A.  This Court Has Broad Discretion To Manage Its Trial Calendar

This Court has the "inherent power to 'control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *F.T.C. v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  Whether to grant a continuance of the trial schedule is within this Court's discretion. *McCormick v. Adams*, 2008 WL 2561101, *9 (E.D. Cal. 2008) (citing *Avery v. Alabama*, 308 U.S. 444, 446 (1940)). In handling calendar matters, this Court also has wide latitude to consider time constraints on the court and counsel, as well as the particular facts of the case. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986).  Such relief may be granted upon a showing of good cause in the Court's determination.  *See* Fed. R. Civ. P. 16(b)(4). In evaluating requests for continuances, courts typically contemplate: (1) the degree of prejudice or surprise to plaintiff if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification. *Byrd v. Guess*, 137 Fl.3d 1126, 1132 (9th Cir. 1998) (superseded by statute on other grounds, as stated in *Little v. City of Manhattan Beach*, 21 Fed.Appx. 651, 652 (9th Cir. 2001)).

Here, all of the factors weigh heavily in favor of a brief trial continuance. First, there is no prejudice or surprise to Plaintiffs who have been informed of the instant *Ex Parte* Application. Moreover, Plaintiffs cannot reasonably argue that such an abbreviated trial continuance will inflict prejudice or surprise given that the trial date has previously been continued on three separate occasions "[b]ecause of the unavailability of jurors during this pandemic". *See,* Dkt. No. 53; *see also* Dkt. Nos. 73

and 76 (the trial date was continued for the same reason). Indeed, a continuance during the ongoing pandemic is not surprising or prejudicial as litigants have experienced repeated and extended trial continuances.

Second, because a brief trial continuance will not inflict any prejudice, there is nothing that State Farm can cure. Moreover, while State Farm initially proposed a three week trial continuance, the request was extended to four weeks because Plaintiffs' counsel advised that she was unavailable to start trial on August 31, 2021. Marti Decl. ¶6.

Third, a four week trial continuance will not impact the orderly and efficient conduct of the case as a majority of the trial documents have been filed with this Court. Specifically, the parties have filed their respective motions *in limine*, proposed voir dire questions, the statement of the experts' qualifications and anticipated testimony, and the memorandum of contentions of law and fact. In addition, the parties have jointly submitted the exhibit list, witness list, and proposed final pretrial conference order.  The remaining documents to be filed are the jury instructions, the verdict form, and the brief statement of the case – and State Farm is not seeking to extend the current deadline of these trial documents. Therefore, because the requested continuance is limited in scope and duration, it will not impact the orderly and efficient conduct of this case. Marti Decl. ¶3.

Fourth, there is no bad faith or willfulness by State Farm in seeking this *Ex Parte* Application. In fact, this *Ex Parte* Application was prompted because, on July 19, 2021, the Court in the *Doherty* Action set the trial date for August 3, 2021. But for the continuance in the *Doherty* Action, State Farm would not have requested a trial continuance. Marti Decl. ¶4.

### B. Good Cause Exists To Grant State Farm's *Ex Parte* Application

Good cause exists to grant State Farm's *Ex Parte* Application because State Farm's counsel will be engaged in trial in the *Doherty* Lawsuit – which, after multiple continuances, is set to begin on August 3, 2021. Although it is anticipated that the trial

3

will last four (4) days, it is possible that the jury may deliberate until the following week – which is the same week that this action is set to begin. Therefore, a brief trial continuance is essential to allow State Farm's counsel to prepare for trial, including meeting and preparing witnesses for trial without going "back to back." Moreover, as previously noted, the sole reason this *Ex Parte* Application is filed at this point in time is because, on July 19, 2021, the Court in the *Doherty* Action set the trial date for August 3, 2021. Moreover, while the parties previously filed a stipulation to extend the *discovery and motion cut-off dates* on October 13, 2020 (Dkt. No. 28), which was ultimately denied by this Court (Dkt. No. 30), this is the first time that either party requests a continuance of the *trial date*. Marti Decl. ¶¶2, 5.

Finally, State Farm's counsel has meet and conferred with Plaintiffs' counsel on July 21, 2021, and advised of the intended plan to file an *Ex Parte* Application. However, Plaintiffs' counsel advised that it would oppose the *Ex Parte* Application. Marti Decl. ¶6.

### III. CONCLUSION

Based on the foregoing, State Farm respectfully requests that the Court grant its *Ex Parte* Application for an Order continuing the trial date from August 10, 2021 to Tuesday, September 7, 2021.

Dated:  July 22, 2021         COZEN O'CONNOR

By: */s/ Angel Marti, III*
Valerie D. Rojas
Angel Marti, III
Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY