Boris Treyzon, Esq. (SBN 188893)
*btreyzon@actslaw.com*
Sara A. McClain, Esq. (SBN 268429)
*smcclain@actslaw.com*
**ABIR COHEN TREYZON SALO, LLP**
16001 Ventura Blvd., Ste. 200
Los Angeles, CA 91436
Telephone: (424) 288-4367
Facsimile: (424) 288-4368

Attorneys for Plaintiffs
NAZILA NEMAN and BIJAN NEMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DISTRICT

| | |
|---|---|
| NAZILA NEMAN, an individual; and BIJAN NEMAN, an individual;<br><br>        Plaintiffs,<br><br>    vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.: 2:19-cv-10104-RGK-AFM<br><br>**PLAINTIFFS' DISPUTED JURY INSTRUCTIONS**<br><br><br>Complaint Filed:  July 3, 2019<br>Action Removed:  November 26, 2019<br>Pre-Trial Conf.  July 26, 2021<br>Jury Trial Date:  August 10, 2021 |

Pursuant to this Court's Standing Order, Plaintiffs Nazila Neman, Bijan Neman ("Plaintiffs" or the "Nemans"), and Defendant State Farm General Insurance Company ("State Farm" or "Defendant"), respectfully submit the following list of Plaintiffs' Disputed Jury Instructions.

The Parties respectfully reserve the right to supplement, amend, withdraw, or modify these objections to jury instructions in advance of, during, and after the presentation of evidence and/or trial of this matter.

DATED: July 23, 2021          COZEN O'CONNOR


                              By: _____
                                  Valerie D. Rojas
                                  Angel Marti, III
                                  Attorneys for Defendant
                                  STATE FARM GENERAL INSURANCE
                                  COMPANY

DATED: July 23, 2021          ABIR COHEN TREYZON SALO, LLP

                              By: __/s/__Sara McClain_____
                                  Boris Treyzon
                                  Sara A. McClain
                                  Attorneys for Plaintiffs,
                                  NAZILA NEMAN and BIJAN NEMAN

| No. | Title | Source(s) |
|---|---|---|
| **1.** | Interpretation – Meaning of Ordinary Words | **CACI** 315 |
| **2.** | Introduction to Contract Damages | **CACI** 350 |
| **3.** | Causation – Substantial Factor | **CACI** 430 |
| **4.** | Damages for Bad Faith | CACI 2350 |
| **5.** | Punitive Damages – Entity Defendant – Trial Not Bifurcated | CACI 3945 |
| **6.** | All-Risk Policy Coverage | *Garvey v. State Farm Fire & Casualty Co.*, 48 Cal.3d 395, 406 (1989); *Nissel v. Certain Underwriters at Lloyd's of London* (1998) 62 Cal.App.4th 1103, 1114, 73 Cal.Rptr.2d 174.) |
| **7.** | Insured's Burden of Establishing Coverage | *Garvey v. State Farm Fire & Casualty Co.*, supra, 48 Cal.3d at p. 406, 257 Cal.Rptr. 292, 770 P.2d 704; *Central Nat'l Ins. Co. v. Sup.Ct.* (Spindt) (1992) 2 CA4th 926, 932 |
| **8.** | Insuring Clause Interpreted Broadly | *White v. Western Title Ins. Co.*, 40 Cal. 3d 870, 881 (1985) |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

| 9. | Insurance Policy Exclusions Interpreted Strictly Against Insurer | *White v. Western Title Ins. Co.*, 40 Cal. 3d 870, 881 (1985) |
|----|---|---|
| 10. | Definition of Investigation | 10 CAL. CODE REGS. § 2695.2(k) |
| 11. | Duty to disclose benefits and coverages | 10 CAL. CODE REGS. § 2695.4(a) |
| 12. | Duty to begin investigation | 10 CAL. CODE REGS. § 2695.5(e), (e)(3) |
| 13. | Duty to provide adequate training and annual training on insurance regulations | 10 CAL. CODE REGS. §§ 2695.2(m); 2695.6(b) |
| 14. | Requirements for acceptance or denial claim | 10 CAL. CODE. REGS., § 2695.7(b) & (b)(1) |
| 15. | Breach of Policy Conditions | *Campbell v. Allstate Ins. Co.*, 60 Cal.2d 303, 305 (1963); *McCormick v. Sentinel Life Ins. Co.*, 153 Cal.App.3d 1030, 1046 (1984); and *Attah v. State Farm General Insurance Company*, Case No. CV 16-07575-GW (PLAx), 2017 WL 3531500 * 10 (C.D. Cal. 2017) |
| 16. | Duty to keep insured informed of claim status | 10 CAL. CODE REGS. § 2695.7(c)(1) |
| 17. | Duty to Respond Promptly to Communications from Insured | 10 CAL. CODE REGS. § 2695.5(b) |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

| 18. | Duty to pay for consequential damage | 10 CAL. CODE REGS. § 2695.9(a)(1) |
|---|---|---|
| 19. | Duty to replace items that do not match | 10 CAL. CODE REGS. § 2695.9(a)(2) |
| 20. | Requirements for losses settled on basis of written scope or estimate | 10 CAL. CODE REGS. § 2695.9(d) |
| 21. | Insurer's Duty to Investigate After Lawsuit Filed | *White v. Western Title Ins. Co.*, 40 Cal. 3d 870, 881 (1985) |
| 22. | Reliance on experts | *Chateau Chamberay v. Associated Intern. Ins. Co.* (2000) 90 Cal.App.4th 335, 348-49; *Guebara v. State Farm General Ins. Co.* (9th Cir. 2001) 237 F.3d 987, 996. |
| 23. | Managing Agent | *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 822-823 (1979); *Major v. Western Home Ins. Co.*, 169 Cal. App. 4th 1197, 1220-1221 (2009) |
| 24. | Genuine Dispute | *Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713, 723-724. 402. |
| 25. | Requirements for claim denial | *Frommoethelydo v. Fire Insurance Exchange* (1986) 42 Cal.3d 208, 214–215; |

| | | | |
|---|---|---|---|
| | | | *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 819 |
| 26. | Violations of insurance statutes and regulations as evidence of bad faith | | *Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1078 (2007); *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.,* 78 Cal.App.4th 847, 916 (2000). |
| 27. | Fraud as a basis for punitive damages | | Civil Code section 3294(c)(3); see *Notrica v. State Comp. Ins. Fund*, 70 Cal.App.4111 911, 948 (1999); *Wetherbee v. United Ins. Co. of America*, 265 Cal.App.2d 921, 931 (1968); see *Simon v. San Paolo US. Holding Co., Inc.*, 35 Cal.4th 1159, 1170 (2005). |
| 28. | Claim Status Report Required When 3 Adjusters Assigned to Claim in Less than Six-month Period | | Cal. Ins. Code, §§ 2070, 2071 ("Adjusters") |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

PLAINTIFFS' DISPUTED INSTRUCTION NO. 1

315. Interpretation—Meaning of Ordinary Words

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

Source:  CACI 315

DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 1:

This instruction is irrelevant, improper, and should not be given for three reasons.

One, the interpretation of an insurance policy is a question of law and follows the general rules of contract interpretation. *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 18 (1995). A policy provision will be considered ambiguous when it is capable of two or more constructions, both of which are reasonable. Id.  Here, the Court has not made a determination that a policy provision is capable of two or more reasonable constructions. Moreover, in this lawsuit, Plaintiffs have not identified any terms or provisions that they consider vague and ambiguous. Accordingly, Plaintiffs' proposed jury instruction – which seeks for the jury to interpret the insurance policy – is improper. See also, CACI No. 314 (The "Directions for Use" provides that this jury instruction is proper when "there is conflicting extrinsic evidence as to what the parties intended the language of their contract to mean.").

Two, the "Directions for Use" states that CACI No. 315 "may be given with CACI No. 314". Accordingly, CACI No. 315 is premised on the inclusion of CACI No. 314, but Plaintiffs failed to include CACI No. 314 in their proposed jury instructions.

Three, even if Plaintiffs listed CACI No. 314 in their proposed jury instruction, the series of jury instructions concerning "Interpretation" of contracts (i.e., CACI Nos. 314 – 320) is irrelevant and inapplicable to this action. Plaintiffs do not dispute the meaning of any words in the subject insurance policy. Indeed, Plaintiffs have not made such allegations in their initial disclosures and discovery responses. Moreover, in their proposed jury instructions, Plaintiffs have not identified any words in the insurance policy that are in dispute in– which is a requirement pursuant to CACI No. 314. See, CACI NO. 314 ("[Name of plaintiff] and [name of defendant] dispute the meaning of the following words in their contract: [insert disputed language]"). The jury instruction

clearly indicates that the disputed language must be included, but Plaintiffs failed to do so – which conclusively prevents the use of this instruction.

In sum, this case arises out of a dispute concerning the cause and scope of damages allegedly resulting from a tree falling in Plaintiffs' backyard, as well as the appropriate method of repairs. Plaintiffs have not disputed the interpretation of any words in the insurance policy, nor have they alleged that any portion of the insurance policy is vague and ambiguous. Therefore, this jury instruction is irrelevant, improper, and should not be given.

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 1:

Plaintiffs' first claim against State Farm is for breach of contract.  State Farm relies on various exclusions to argue that Plaintiffs' claim is not covered.  The exclusions include words like "marring."

CACI 315 may be given if 314 is not given.  The instruction's use of the word "may" instead of "shall," makes this clear.  Even where the parties do not dispute the meaning of a word in the contract, there may still be the issue of contract interpretation left to the jury in order to determine whether those words apply to a particularly factual situation.  For example, State Farm contends Plaintiffs' loss was caused by "marring." For the jury to determine whether "marring" caused the loss, it must form an understanding of what "marring" means.  Under the rules of contract interpretation, including interpretation of policy exclusions, terms are interpreted by their plain meaning. *AIU Ins. Co. v. Superior Court* (1990) 51 Cal.3d 807, 821-822.  The jury will called on to interpret terms in the insurance contract and determine whether the apply to the facts of the loss and preclude coverage thereby.  This is a correct statement of applicable law that should be given to the jury.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

PLAINTIFFS' DISPUTED INSTRUCTION NO. 2

CACI 350 – INTRODUCTION TO CONTRACT DAMAGES

If you decide that the Nemans have proved their claim against State Farm for breach of contract, you also must decide how much money will reasonably compensate the Nemans for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put the Nemans in as good a position as they would have been if State Farm had performed as promised.

To recover damages for any harm, the Nemans must prove that when the contract was made, all parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

The Nemans also must prove the amount of his damages according to the following instructions.  They do not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

The Nemans claim damages for policy benefits owed but not paid to them under the terms of their homeowners insurance policy issued by State Farm General Insurance Company.  Those benefits include the cost of repairing or replacing portions of their home, backyard, pool, and personal property that were damaged by the tree fall.

The Nemans further claim policy benefits the cost of packing out, storing and packing back in their family's personal belongings while the home is undergoing repairs.

Source:  CACI 350

<u>DEFENDANT'S OBJECTION TO</u>

<u>PLAINTIFFS' DISPUTED INSTRUCTION NO. 2:</u>

Plaintiffs propose Judicial Council Civil Jury Instruction ("CACI") No. 350, which is entitled "Introduction to Contract Damages". But this instruction is cumulative and thus, the instruction should not be given.

Here, Plaintiffs propose CACI 350, but they simultaneously propose CACI 2300: Breach of Contractual Duty to Pay a Covered Claim – Essential Factual Elements. CACI 2300 requires the jury to not only determine whether additional policy benefits are owed, but also "the amount of the covered loss that State Farm General Insurance Company failed to pay". This is precisely the same instruction and analysis that CACI No. 350 provides.

Based on the aforementioned reasons, CACI No. 350 is cumulative, will result in a waste of time, and will only serve to confuse the jury. Therefore, this instruction should not be given.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 2:

CACI 350 provides an explanation for awarding and calculating contract damages.  This ensures the jury awards only damages which may be recoverable on a breach of contract claim.  The Directions for Use state "This instruction should always be read" instructing the jury on specific types of contract damages being sought. (CACI No. 350.)  Thus, this is an appropriate instruction to give to the jury before instructing it on the elements for breach of an insurance contract.

PLAINTIFFS' DISPUTED INSTRUCTION NO. 3

CAUSATION:  SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Source:  CACI 430

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANT'S OBJECTION TO
## PLAINTIFFS' DISPUTED INSTRUCTION NO. 3:

Plaintiffs propose Judicial Council Civil Jury Instruction ("CACI") No. 430, which is entitled "Causation: Substantial Factor". But this instruction is irrelevant, improper, cumulative, and should not be given for two reasons.

One, the 400 series is tethered to the tort of negligence, but Plaintiffs do not allege a negligence cause of action in the action. Here, Plaintiffs levy one cause of action for breach of contract, and one cause of action for breach of the implied covenant of good faith and fair dealing. Plaintiffs' causes of action are rooted in contract, not negligence. Therefore, any use of the 400 series (and particularly CACI No. 413) is irrelevant, improper, and should not be given to the jury.

Two, this jury instruction is cumulative of CACI No. 2306: Covered and Excluded Risks – Predominant Cause of Loss. Because CACI No. 2306 pertains to insurance litigation and addresses the element of causation, CACI No. 430 (i.e., Causation: Substantial Factor) is cumulative and should not be given.

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 3:

Plaintiff's' claim for breach of the implied covenant of good faith and fair dealing is a tort claim and the elements for this claim specifically include the "substantial factor" test. See Joint Instruction No. 48, Element 5 ["5. That State Farm General Insurance Company's failure to pay the policy benefits was a substantial factor in causing the Nemans' harm.] This instruction will provide guidance to the jury as what it means for something to be a "substantial factor" in causing Plaintiffs' harm. This is particularly important where, as here, State Farm is blaming its insureds for causing their own harm.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

PLAINTIFFS' DISPUTED INSTRUCTION NO. 4

DAMAGES FOR BAD FAITH (CACI 2350) (MODIFIED)

If you decide that Plaintiffs have proven their claim against State Farm General Insurance Company for unreasonably or improperly failing to pay policy benefits, you also must decide how much money will reasonably compensate Plaintiffs for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by State Farm General Insurance Company, even if the particular harm could not have been anticipated.

The Nemans must prove the amount of their damages. However, the Nemans do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Nemans:

1.    Mental suffering, anxiety, humiliation and emotional distress;

2.    The cost of attorney fees incurred to recover benefits due under the terms of Plaintiffs' insurance policy issued by State Farm General Insurance Company;

3.    The cost of hiring a public adjuster to recover benefits due under the terms of Plaintiffs' insurance policy issued by State Farm General Insurance Company; and

4.    Costs incurred for hiring experts to prove the policy benefits for State Farm failed to pay.

No fixed standard exists for deciding the amount of damages for mental suffering, anxiety, humiliation, and emotional distress. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

In order to recover attorney fees, Plaintiffs must prove that because of State Farm General Insurance Company's unreasonable or improper failure to pay policy benefits, it was reasonably necessary for them to hire an attorney to recover the policy benefits.

Plaintiffs  may recover attorney fees they incurred to obtain policy benefits but not attorney fees they incurred for other purposes.

Plaintiffs are represented in this case under a contingent attorney fee contract, meaning that they must pay a percentage of their entire award to their attorneys as a contingent fee. In order to determine what portion of that total fee is attributable to work performed to obtain policy benefits, you must determine the amount of Plaintiffs' compensatory damages, if any.  You must also determine the number of hours recorded by Plaintiffs' attorneys that you find are attributable to their efforts to collect policy benefits.  To determine the percentage of the legal fees attributable to collect policy benefits, you should determine the total number of hours the Nemans' attorneys spent on the case and then determine how many hours were spent working exclusively on the contract recovery.  Hours spent working on issues jointly related to both the tort and contract claims should be apportioned, with some hours assigned to the contract and some to the tort.  This latter figure, added to the hours spent on the contract alone, when divided by the total number of hours worked, should provide the appropriate percentage.  Multiple this percentage by the total amount of the Neman's compensatory damages.  The result of those two calculations is the amount of your attorney fee award in this case.

Source:  CACI 2350; *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 824 (1979); *Cassim v. State Farm General Ins. Co. ,*33 Cal.4th 780, 806-812 (2004); see also CACI 3900, 3905A

<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 4:</u>

State Farm objects to Instruction No. 40 as phrased because Plaintiffs include an incomplete version of CACI No. 2350. More specifically, Plaintiffs failed to include that they bear the burden of proving their damages (i.e., "Plaintiffs must prove the amount of their damages"). Plaintiffs also failed to include that the jury "must not speculate or guess in awarding damages."

In addition, Plaintiffs' jury instruction provides an improper and vague explanation regarding the calculation of Brandt fees in a contingent fee case. In Cassim, the California Supreme Court addressed the proper method of calculating Brandt fees in a contingent fee case where a plaintiff simultaneously pursues breach of contract and bad faith causes of action against an insurer (as is the case here). Id. at 811. The Cassim Court held that in such cases, a proper calculation of Brandt fees requires a determination of the percentage of all fees attributable to obtaining policy benefits. Id. at 812. This formula is based on the percentage of the attorney's overall efforts devoted to the contractual portion of the case. Id. Further, the Cassim Court directed that hours spent on the case should be divided into categories: contract claim only; bad faith claim only; and both claims combined. Id. The Court then established a formula so the fee award would equal the ratio of the hours devoted to recovery of the policy benefits, plus the hours attributable to both contract and bad faith claims, divided by the hours to litigate the entire case. Id.

To demonstrate this formula, the Court provided the following example: Suppose the compensatory damages are $3,594,000. Suppose further that the attorney and the client have a 40 percent contingent fee agreement. The total legal fee for the compensatory award is thus 40 percent of $3,594,000, or $1,437,600. Now suppose counsel spent 1,500 hours on the case, and can prove this breakdown: 200 hours on issues related solely to the contract, 500 hours on issues relevant to both the contract and the tort, and 800 hours on issues related solely to the tort. The trial court

19

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

could reasonably conclude that half the hours spent on the joint contract/tort issues are fairly attributable to the contract (i.e., half of 500 hours, or 250 hours), and thus 30 percent of the hours worked (200 hours plus 250 hours, divided by 1,500 total hours) is attributable to the contract recovery. Thirty percent of the total legal fee (30 percent times $1,437,600) is $431,280. This is the amount a trial court should award as Brandt fees in this hypothetical situation. Id.

Here, Plaintiffs have failed to instruct the jury that the overall efforts expended on this case should be placed into three different categories (i.e., contract claim only; bad faith claim only; and both claims combined). Plaintiffs have also instructed the jury to repeatedly multiply numerous figures, and *Cassim* does not require such multiplication.

Based on the aforementioned reasons and authority, Plaintiffs' proposed jury instruction should not be given. State Farm proposes the alternative:

If you decide that Plaintiffs have proven their claim against State Farm, you must also decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by State Farm, even if the particular harm could not have been anticipated. Plaintiffs must prove the amount of their damages.  However, Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Plaintiffs:

1.      Mental suffering, anxiety, humiliation, and emotional distress; and

2.      The cost of attorney fees to recover benefits due under the terms of Plaintiffs' insurance policy issued by State Farm.

No fixed standard exists for deciding the amount of damages for mental suffering, anxiety, humiliation or emotional distress. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

To recover attorney fees Plaintiffs must prove that because of State Farm's breach of the obligation of good faith and fair dealing it was reasonably necessary for them to hire an attorney to recover the policy benefits. Plaintiffs may recover attorney fees they incurred to obtain policy benefits but not attorney fees they incurred for other purposes.

<u>PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 4:</u>

Plaintiffs revised this instruction following receipt of State Farm's objections to track with the language in CACI 2350.  Plaintiffs also revised the explanation of *Cassim* calculations for determining Plaintiffs' attorneys' fee award.  This instruction accurately reflects applicable law, the damages Plaintiffs seek, and the applicable standards and guidance for the jury to follow when awarding and calculating bad faith damages.

<u>PLAINTIFFS' DISPUTED INSTRUCTION NO. 5</u>

PUNITIVE DAMAGES – ENTITY DEFENDANT (CACI 3945)

If you decide that State Farm General Insurance Company's conduct caused the Nemans harm, you must decide whether that conduct justifies an award of punitive damage. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against State Farm General Insurance Company only if the Nemans prove that State Farm General Insurance Company engaged in conduct with malice, oppression, or fraud.  To do this, the Nemans must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one of more officers, directors, or managing agents of State Farm General Insurance Company who acted on behalf of State Farm General Insurance Company;

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of State Farm General Insurance Company; or

3. That one or more officers, directors, or managing agents of State Farm General Insurance Company knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that State Farm General Insurance Company acted with intent to cause injury or that State Farm General Insurance Company's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when she or she is aware of the probable dangerous consequences of her or her conduct and deliberately fails to avoid those consequences.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

"Oppression" means that State Farm General Insurance Company's conduct was despicable and subjected the Nemans to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that State Farm General Insurance Company intentionally misrepresented or concealed a material fact and did so intending to harm the Nemans.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was State Farm General Insurance Company 's conduct? In deciding how reprehensible State Farm General Insurance Company's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether State Farm General Insurance Company disregarded the health or safety of others;

3. Whether the Nemans were financially weak or vulnerable and State Farm General Insurance Company knew the Nemans were financially weak or vulnerable and took advantage of them;

4. Whether State Farm General Insurance Company's conduct involved a pattern or practice; and

5. Whether State Farm General Insurance Company acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and the Nemans' harm or between the amount of punitive damages and potential harm

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

to the Nemans that State Farm General Insurance Company knew was likely to occur because of its conduct?

(c) In view of State Farm General Insurance Company's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because State Farm General Insurance Company has substantial financial resources. Any award you impose may not exceed State Farm General Insurance Company's ability to pay.

Punitive damages may not be used to punish State Farm General Insurance Company for the impact of its alleged misconduct on persons other than the Nemans.

Source:  CACI 3945

1

<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO.</u>

2

<u>5:</u>

3

Given that Plaintiffs are opposing State Farm's request to bifurcate the claim

4

of punitive damages (i.e., State Farm's Motion in Limine No. 3), it appears Plaintiffs

5

have improperly selected CACI No. 3946: Punitive Damages – Entity Defendant –

6

Bifurcated Trial (First Phase). To the extent Plaintiffs will amend the proposed jury

7

instruction to select CACI No. 3945, State Farm objects for the reasons delineated in

8

State Farm's Motion in Limine No. 3. Namely, the issue of punitive damages should

9

be bifurcated because State Farm's financial condition is irrelevant to liability and

10

such evidence will have an unduly prejudicial effect; because there are differences in

11

the burdens of proof necessary to prove liability; because a limiting instruction to the

12

jury will be insufficient to avoid confusion and prejudice as the issues will be

13

conflated; and because trial will be expedited as additional evidence does not need to

14

be presented should Plaintiffs fail to establish a breach of contract or bad faith.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 5:

Plaintiffs amended this proposed jury instruction to track with CACI No. 3945. Plaintiffs believe punitive damages should not be bifurcated for the reasons delineated in their opposition to State Farm's Motion in Limine No. 3.  (See Dkt. # 68.)  See also, *Jones v. Nat'l R.R. Passenger Corp.*, 2018 WL 6606247, at *4 (N.D. Cal. Dec. 17, 2018) ("In the Ninth Circuit, '[b]ifurcation… is the exception rather than the rule of normal trial procedure.'")

PLAINTIFFS' DISPUTED INSTRUCTION NO. 6

ALL-RISK POLICY COVERAGE

An all-risk policy covers risks of physical loss except those excluded under the terms of the insuring contract. Under an all-risk policy, the limits of coverage are defined by the exclusions.

Source: *Garvey v. State Farm Fire & Casualty Co.*, supra, 48 Cal.3d at p. 406, 257 Cal.Rptr. 292, 770 P.2d 704; *Nissel v. Certain Underwriters at Lloyd's of London* (1998) 62 Cal.App.4th 1103, 1114, 73 Cal.Rptr.2d 174.)

DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 6:

The Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. However, this instruction is not based upon CACI.

Moreover, this jury instruction is cumulative of State Farm's proposed jury instructions, which are based upon CACI No. 2303. More specifically, State Farm's proposed jury instructions provide that the Policy's exclusions limit the coverage available under the policy.

In addition, this jury instruction may seek for the jury to interpret policy provisions, which is improper. As previously noted, the interpretation of an insurance policy is a question of law and follows the general rules of contract interpretation. *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 18 (1995).

Therefore, Special Jury Instruction No. 1 should not be given to the jury.

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 6:

There is no prohibition on Plaintiffs proposing special instructions based on established law that is applicable to this case.

This particular statement of law applies to the facts of the case because the major contention between the parties is the cause of Plaintiffs' loss which requires the jury to look at the insurance policy.  The instruction is appropriate where, as here, the insurance company claims the loss is caused by an excluded peril.  Indeed, this principle applies where a causation analysis must be undertaken by the jury in order to determine a breach of contract claim.  See *Garvey v. State Farm Fire & Casualty Co.*, 48 Cal. 3d 395, 405-406 (1989).  Thus, this instruction is needed to explain the steps for determining coverage under the policy.

## PLAINTIFFS' DISPUTED INSTRUCTION NO. 7

### INSURED'S BURDEN OF ESTABLISHING COVERAGE

Under an "all risk" policy, the insured has the threshold burden of proving a loss within the policy's insuring clause.  Once the insured has done so, the burden shifts to the insurer to prove the loss was caused by an excluded peril.

The burden on the insured in this situation is usually minimal, requiring proof only that the insured suffered a "accidental direct physical loss" to covered property while the policy was in effect.

Source: *Garvey v. State Farm Fire & Casualty Co.*, supra, 48 Cal.3d at p. 406, 257 Cal.Rptr. 292, 770 P.2d 704; *Central Nat'l Ins. Co. v. Sup.Ct.* (Spindt) (1992) 2 CA4th 926, 932

<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 7:</u>

This instruction provides the insured bears the initial burden of proving a loss within the policy, but then the burden shifts to the insurer to prove the loss was caused by an excluded peril. However, this special jury instruction repeats principles of law contained in other jury instructions. Namely, it is cumulative of Instruction No. 3 – which states that Plaintiffs bear the burden of proving her claims. Moreover, it is cumulative of State Farm's proposed jury instructions, which are based upon CACI No. 2303. There, the jury instruction provides that the defendant must prove that the loss was caused by an exclusion under the policy. Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 2 is improper. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 2 should not be given to the jury.

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 7:

There is no prohibition on Plaintiffs proposing special instructions based on established law that is applicable to this case.

This particular statement of law applies to the facts of the case because the major contention between the parties is the cause of Plaintiffs' loss which requires the jury to look at the insurance policy.  The instruction is appropriate where, as here, the insurance company claims the loss is caused by an excluded peril.  Indeed, this principle applies where a causation analysis must be undertaken by the jury in order to determine a breach of contract claim.  See *Garvey v. State Farm Fire & Casualty Co.*, 48 Cal. 3d 395, 405-406 (1989).  Thus, this instruction is needed to explain the steps for determining coverage under the policy and the parties' respective burdens for same.  Paragraph 2 explains what burden the insured must meet to show the loss falls within the insuring clause of the policy.

## PLAINTIFFS' DISPUTED INSTRUCTION NO. 8

### INSURING CLAUSE INTERPRETED BROADLY

Coverage clauses are interpreted broadly so as to afford the greatest possible protection to the insured.

Source:  *White v. Western Title Ins. Co.*, 40 Cal. 3d 870, 881 (1985)

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 8:</u>

Plaintiffs propose this instruction which states that coverage clauses are to be interpreted broadly as to afford the greatest possible protection to the insured. However, the jury should not be permitted to interpret the policy in this action. As previously noted, the interpretation of an insurance policy is a question of law and follows the general rules of contract interpretation. Waller v. Truck Ins. Exchange, Inc., 11 Cal. 4th 1, 18 (1995). A policy provision will be considered ambiguous when it is capable of two or more constructions, both of which are reasonable. Id.  Here, the Court has not made a determination that a policy provision is capable of two or more reasonable constructions.

Moreover, Plaintiffs' reliance on White v. Western Title Ins. Co., 40 Cal. 3d 870, 881 (1985) is misplaced. There, because the Court determined that an ambiguity existed in the policy, the Court then stated that coverage clauses are to be interpreted broadly in favor of the insurer. However, Plaintiffs have not alleged, nor have they identified, an ambiguity in the Policy. Therefore, this jury instruction is irrelevant and should not be given.

<u>PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 8:</u>

There is no prohibition on Plaintiffs proposing special instructions based on established law that is applicable to this case.

This particular statement of law applies to the facts of the case because the major contention between the parties is the cause of Plaintiffs' loss which requires the jury to look at the insurance policy.  The instruction is appropriate where, as here, the insurance company claims the loss is caused by an excluded peril.  Indeed, this principle applies where a causation analysis must be undertaken by the jury in order to determine a breach of contract claim.  See *Garvey v. State Farm Fire & Casualty Co.*, 48 Cal. 3d 395, 405-406 (1989).  Thus, this instruction is needed to explain the steps for determining coverage under the policy and the parties' respective burdens for same.  This instruction explains how the jury should interpret the insuring clause of the policy when determining whether Plaintiffs met their burden of showing the loss falls within the insuring clause of the policy.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

<u>PLAINTIFFS' DISPUTED INSTRUCTION NO. 9</u>

INSURANCE POLICY EXCLUSIONS INTERPRETED STRICTLY AGAINST

INSURER

Policy exclusions are interpreted narrowly against the insurer.


Source:  *White v. Western Title Ins. Co.*, 40 Cal. 3d 870, 881 (1985)

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 9:

This jury instruction is inapplicable because Plaintiffs do not dispute the meaning of any words in the subject insurance policy. In fact, Plaintiffs have not made such allegations in their initial disclosures and discovery responses, nor have they identified any provisions that are uncertain or ambiguous – which is required in order to narrowly interpret exclusions against an insurer. Indeed, the case that Plaintiffs cite to as "authority" supports the exclusion of this jury instruction.

As a preliminary matter, in *White v. Western Title Ins. Co.*, 40 Cal. 3d 870 (1985), the court noted that "[c]onstruction of the policy…is controlled by the well-established rules on interpretation of insurance agreements." Id. at 881. Moreover, the court recognized that "[a]ny ambiguity or uncertainty in an insurance policy is to be resolved against the insurer…." Id. (internal citations omitted). As such, White recognized that such an instruction is only appropriate when the court determines that an ambiguity or uncertainty is present. But this Court has not made such a determination in this action. Moreover Plaintiffs failed to allege throughout the pendency of this lawsuit that the subject insurance policy is vague or uncertain. Therefore, this jury instruction is irrelevant, improper, and should not be given.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 9:

There is no prohibition on Plaintiffs proposing special instructions based on established law that is applicable to this case.

This particular statement of law applies to the facts of the case because the major contention between the parties is the cause of Plaintiffs' loss which requires the jury to look at the insurance policy. The instruction is appropriate where, as here, the insurance company claims the loss is caused by an excluded peril. Indeed, this principle applies where a causation analysis must be undertaken by the jury in order to determine a breach of contract claim. See *White v. Western Title Ins. Co.*, 40 Cal. 3d 870, 881 (1985); and *Garvey v. State Farm Fire & Casualty Co.*, 48 Cal. 3d 395, 405-406 (1989).

Thus, this instruction is needed to explain the steps for determining coverage under the policy and the standard to be applied when interpreting and applying policy exclusions. This instruction explains to the jury the standard under which exclusions are to be interpreted when determining whether a loss was caused by an excluded peril thereby precluding coverage.

PLAINTIFFS' DISPUTED INSTRUCTION NO. 10

DEFINITION OF INVESTIGATION

"Investigation" means all activities of an insurer or its claims agent related to the determination of coverage, liabilities, or nature and extent of loss or damage for which benefits are afforded by an insurance policy, obligations or duties under a bond, and other obligations or duties arising from an insurance policy or bond.

Source: 10 CAL. CODE REGS. § 2695.2(k)

1   <u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO.</u>

2   <u>10:</u>

3

4          This jury instruction is irrelevant, improper, and should not be given because it

5   is cumulative. Namely, CACI 2337 provides an extensive list regarding factors to

6   consider in determining whether the claim was investigated appropriately. Moreover,

7   this instruction is cumulative of Instruction No. 38, which states that an insurer has a

8   "duty to diligently search for and consider evidence that supported coverage of the

9   claimed loss." Because this Court's Civil Jury Trial Order states that the jury

10  instructions shall "cover only one subject or principle of law [and] not repeat principles

11  of law contained in any other requested instructions", Special Jury Instruction No. 7 is

12  improper. Moreover, the Court "prefers counsel to use the California Jury Instruction

13  in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore,

14  Special Jury Instruction No. 7 should not be given to the jury.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 10:

CACI 2337 is not an exhaustive list of factors a jury may consider when evaluating an insurer's conduct.

The California Fair Claims Settlement Practices Regulations issued by the California Department of Insurance because the statute and regulations establish norms and customs and standards of care for the handling of insurance claims. An insurance company's commission of an unfair claims settlement practice in violation of that statute or those regulations may therefore be evidence of the company's breach of the implied covenant of good faith and fair dealing owed to its insured. *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.,* 78 Cal.App.4th 847, 916 (2000); and *Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1078 (2007).

Plaintiffs allege Defendant failed to comply with various provisions of the California Fair Claims Settlement Practices Regulations, including the failure to begin a prompt investigation.   See Disputed Instruction No. 12.   Thus, providing this definition to the jury is appropriate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>PLAINTIFFS' DISPUTED INSTRUCTION NO. 11</u>

DUTY TO DISCLOSE BENEFITS AND COVERAGES

Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant.  When additional benefits might reasonably be payable under an insured's policy upon receipt of additional proofs of claim, the insurer shall immediately communicate this fact to the insured and cooperate with and assist the insured in determining the extent of the insurer's additional liability.

Source: 10 CAL. CODE REGS. § 2695.4(a)

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 11:</u>

This concerns the requirements for acceptance or denial of claims. However, this special jury instruction repeats principles of law contained in other jury instructions. Namely, it repeats Instruction No. 39 (CACI No. 2337 – Factors to Consider in Evaluating Insurer's Conduct), which provides that an insurer shall "act reasonably promptly after receiving communications about Plaintiffs' claim." Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 10 is improper. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 10 should not be given to the jury.

1    <u>PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO.</u>

2    <u>11:</u>

3

4         The California Fair Claims Settlement Practices Regulations issued by the

5    California Department of Insurance because the statute and regulations establish norms

6    and customs and standards of care for the handling of insurance claims. An insurance

7    company's commission of an unfair claims settlement practice in violation of that

8    statute or those regulations may therefore be evidence of the company's breach of the

9    implied covenant of good faith and fair dealing owed to its insured.  *Shade Foods, Inc.*

10   *v. Innovative Products Sales & Marketing, Inc.,* 78 Cal.App.4th 847, 916 (2000); and

11   *Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1078 (2007).

12        Plaintiffs will argue at trial that Defendant failed to advise them of applicable

13   policy provisions on which Defendant now relies to disclaim liability for Plaintiffs'

14   claim, e.g., "Duties After Loss."  Thus, this statement of law regarding the obligation

15   of an insurer to advise its insured of policy provisions which may apply to their claim

16   is appropriate.

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' DISPUTED INSTRUCTION NO. 12

DUTY TO BEGIN INVESTIGATION

Upon receiving notice of claim, unless the notice of claim received is a notice of legal action, every insurer shall immediately, but in no event more than fifteen (15) calendar days later, begin any necessary investigation of the claim.

Source: 10 CAL. CODE REGS. § 2695.5(e), (e)(3)

DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 12:

This instruction concerns the duty to begin an investigation of the claim. However, this special jury instruction repeats principles of law contained in other jury instructions. Namely, it repeats Instruction No. 39 (CACI No. 2337 – Factors to Consider in Evaluating Insurer's Conduct), which provides that an insurer shall "act reasonably promptly after receiving communications about Plaintiffs' claim." Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 10 is improper. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 10 should not be given the to the jury.

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 12:

The California Fair Claims Settlement Practices Regulations issued by the California Department of Insurance because the statute and regulations establish norms and customs and standards of care for the handling of insurance claims. An insurance company's commission of an unfair claims settlement practice in violation of that statute or those regulations may therefore be evidence of the company's breach of the implied covenant of good faith and fair dealing owed to its insured. *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.,* 78 Cal.App.4th 847, 916 (2000); and *Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1078 (2007).

Plaintiffs allege that Defendant unreasonably delayed investigation of their claim by waiting until the tree was removed to inspect. Defendant then later disputed where the tree impacted the house and used that as a basis for refusing to pay policy benefits. Thus, it is appropriate to instruct the jury on this statement of law regarding an insurer's obligation to begin any necessary investigation no less than 15 days after receiving notice of the loss, which is more specific an obligation than the general requirement that insurers respond promptly to communications.

<u>PLAINTIFFS' DISPUTED INSTRUCTION NO. 13</u>

DUTY TO PROVIDE ADEQUATE TRAINING AND ANNUAL TRAINING ON
INSURANCE REGULATIONS

     All licensees shall provide thorough and adequate training regarding the Fair Claims Settlement Practices Regulations to all their claims agents.  Licensees shall certify that their claims agents have been trained regarding these regulations and any revisions thereto.  However, licensees need not provide such training or certification to duly licensed attorneys.

     "Licensee" means any person that holds a license or Certificate of Authority from the Insurance Commissioner, or any other entity for whom the Insurance Commissioner's consent is required before transacting business in the State of California or with California residents.  State Farm General Insurance Company is a "licensee" under this definition.

Source:  10 CAL. CODE REGS. §§ 2695.2(m); 2695.6(b)

DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 13:

This concerns the duty to provide adequate training and annual training on insurance regulations. However, this special jury instruction repeats principles of law contained in other jury instructions. Namely, it repeats Instruction No. 39 (CACI No. 2337 – Factors to Consider in Evaluating Insurer's Conduct), which considers whether the insurer "failed to adopt and implement reasonable standards" in the handling of a claim. Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 12 is improper. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 12 should not be given to the jury

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 13:

The California Fair Claims Settlement Practices Regulations issued by the California Department of Insurance because the statute and regulations establish norms and customs and standards of care for the handling of insurance claims. An insurance company's commission of an unfair claims settlement practice in violation of that statute or those regulations may therefore be evidence of the company's breach of the implied covenant of good faith and fair dealing owed to its insured. *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.,* 78 Cal.App.4th 847, 916 (2000); and *Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1078 (2007).

Defendant's adjuster Randall Limke will testify that Defendant trained him on the California Fair Claims Settlement Practices Act on an "as needed" basis for CAT loss assignments in California. This violates the requirements for annual training. Limke failed to include items in his estimate that are required under the regulations, e.g., consequential damage and repairs that allow for reasonable uniform appearance. Additionally, this instruction concerns the requirement that adjusters be trained annual on the written standards for prompt claim investigation. Thus, the instruction is appropriate.

PLAINTIFFS' DISPUTED INSTRUCTION NO. 14

REQUIREMENTS FOR ACCEPTANCE OR DENIAL CLAIM

Upon receiving proof of claim, every insurer shall immediately, but in no event more than forty (40) calendar days later, accept or deny the claim, in whole or in part. The amounts accepted or denied shall be clearly documented in the claim file unless the claim has been denied in its entirety.

Where an insurer denies or rejects a first party claim, in whole or in part, it shall do so in writing and shall provide to the claimant a statement listing all bases for such rejection or denial and the factual and legal bases for each reason given for such rejection or denial which is then within the insurer's knowledge. Where an insurer's denial of a first party claim, in whole or in part, is based on a specific statute, applicable law or policy provision, condition or exclusion, the written denial shall include reference thereto and provide an explanation of the application of the statute, applicable law or provision, condition or exclusion to the claim.

Source:  10 Cal. Code. Regs., § 2695.7(b) & (b)(1)

DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 14:

This concerns the requirements for acceptance or denial of claims. However, this special jury instruction repeats principles of law contained in other jury instructions. Namely, it repeats Instruction No. 39 (CACI No. 2337 – Factors to Consider in Evaluating Insurer's Conduct), which provides that an insurer shall "act reasonably promptly after receiving communications about Plaintiffs' claim." Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 13 is improper. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 13 should not be given to the jury

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 14:

The California Fair Claims Settlement Practices Regulations issued by the California Department of Insurance because the statute and regulations establish norms and customs and standards of care for the handling of insurance claims. An insurance company's commission of an unfair claims settlement practice in violation of that statute or those regulations may therefore be evidence of the company's breach of the implied covenant of good faith and fair dealing owed to its insured. *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.,* 78 Cal.App.4th 847, 916 (2000); and *Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1078 (2007).

Plaintiffs allege that Defendant failed to include all bases on which it denied Plaintiffs' claim, including conclusions reached by the adjuster as well as new, additional ground asserted for the first time in this litigation, e.g., failure to comply with policy conditions. As such, this instruction is appropriate because it specifically addresses the required contents for claim denial letter.

1

2                       PLAINTIFFS' DISPUTED INSTRUCTION NO. 15

3                            BREACH OF POLICY CONDITIONS

4

5            State Farm General Insurance Company contends that it is not liable to the

6      Nemans for their losses because the Nemans breached one of the policy conditions.

7      To avoid liability for breach of a policy condition, State Farm General Insurance

8      Company must prove the Nemans' total failure to comply with the policy condition

9      and that State Farm General Insurance Company was actually and substantially

10     prejudiced by the failure to comply.

11

12     Source:  *Campbell v. Allstate Ins. Co.*, 60 Cal.2d 303, 305 (1963); *McCormick v.*

13     *Sentinel Life Ins. Co.*, 153 Cal.App.3d 1030, 1046 (1984); and *Attah v. State Farm*

14     *General Insurance Company*, Case No. CV 16-07575-GW (PLAx), 2017 WL

15     3531500 * 10 (C.D. Cal. 2017)

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 15:

Plaintiffs' Special Jury Instruction No. 14 concerns breach of policy conditions. However, this special jury instruction repeats principles of law contained in other jury instructions. Namely, it repeats State Farm's Proposed Jury Instruction No. 19 which is based upon CACI 2303. The Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 14 should not be given to the jury.

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 15:

First, Defendant should not be allowed to make any argument that Plaintiffs breached a policy condition because Defendant's FRCP 30(b)(6) witness confirmed it does not contend Plaintiffs failed to comply with nay of their duties after loss.

Defendant improperly attempts to couch Plaintiffs' failure to comply with policy conditions as an exclusion when it is actual a condition of the policy and this distinction is substantial.   Failure to comply with a policy condition does not automatically preclude coverage as Defendant suggests in its proposed instructions.   Conditions neither provide nor exclude coverage.  They impose certain duties on the insured in order to obtain the coverage provided by the policy.  *North American Capacity Ins. Co. v. Claremont Liab. Ins. Co.*, 177 Cal. App. 4th 272, 289-290 (2009).

Moreover, Defendant must prove certain elements to avoid liability based on breach of a policy condition.  While "[a]n insurer may assert defenses based upon a breach of the insured of a condition of the policy ..., the breach cannot be a valid defense unless the insurer was substantially prejudiced thereby."  *Campbell v. Allstate Ins. Co.*, 60 Cal.2d 303, 305 (1963)  Moreover, most policy conditions, including the production of records, are subject to a "substantial compliance" standard.  *McCormick v. Sentinel Life Ins. Co.*, 153 Cal.App.3d 1030, 1046 (1984).  No other instruction addresses these standards.  Thus, this instruction is appropriate and necessary if Defendant is permitted to argue to the jury that Plaintiffs' failed to comply with policy conditions.

## PLAINTIFFS' DISPUTED INSTRUCTION NO. 16

DUTY TO KEEP INSURED INFORMED OF CLAIM STATUS

If more time is required than forty (40) calendar days to determine whether a claim should be accepted and/or denied in whole or in part, every insurer shall provide the claimant, within forty (40) calendar days, with written notice of the need for additional time. This written notice shall specify any additional information the insurer requires in order to make a determination and state any continuing reasons for the insurer's inability to make a determination. Thereafter, the written notice shall be provided every thirty (30) calendar days until a determination is made or notice of legal action is served. If the determination cannot be made until some future event occurs, then the insurer shall comply with this continuing notice requirement by advising the claimant of the situation and providing an estimate as to when the determination can be made.

Source:  10 CAL. CODE REGS. § 2695.7(c)(1)

DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 16:

This instruction states that an insurer has a duty to keep the insured informed of the claim status.  However, this special jury instruction repeats principles of law contained in other jury instructions. Namely, it repeats Instruction No. 39 (CACI No. 2337 – Factors to Consider in Evaluating Insurer's Conduct), which provides that an insurer shall "act reasonably promptly after receiving communications about Plaintiffs' claim." Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 15 is improper. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 15 should not be given to the jury.

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 16:

The California Fair Claims Settlement Practices Regulations issued by the California Department of Insurance because the statute and regulations establish norms and customs and standards of care for the handling of insurance claims. An insurance company's commission of an unfair claims settlement practice in violation of that statute or those regulations may therefore be evidence of the company's breach of the implied covenant of good faith and fair dealing owed to its insured. *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.,* 78 Cal.App.4th 847, 916 (2000); and *Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1078 (2007).

Plaintiffs allege that Defendant failed to keep them informed of the claim status, including disputing information submitted by Plaintiffs which Defendant used several months later as a basis to deny Plaintiffs' claim. Moreover, Defendant failed to advise Plaintiffs that it was still investigating coverage. This is also related to Defendant's allegations that Plaintiffs failed to comply with policy conditions because Plaintiffs contends Defendant failed to advise them of certain conditions on which it now relies to disclaim liability. As such, this instruction is appropriate.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

## PLAINTIFFS' DISPUTED INSTRUCTION NO. 17

### DUTY TO RESPOND PROMPTLY TO COMMUNICATIONS FROM INSURED

Upon receiving any communication from a claimant, regarding a claim, that reasonably suggests that a response is expected, every licensee shall immediately, but in no event more than fifteen (15) calendar days after receipt of that communication, furnish the claimant with a complete response based on the facts as then known by the licensee.

Source:  10 CAL. CODE REGS. § 2695.5(b)

<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 17:</u>

Plaintiffs' Special Jury Instruction No. 16 provides an explanation of an insurer's duties after the acceptance of a claim.  However, this special jury instruction repeats principles of law contained in other jury instructions. Namely, it repeats Instruction No. 39 (CACI No. 2337 – Factors to Consider in Evaluating Insurer's Conduct), which provides that an insurer shall "act reasonably promptly after receiving communications about Plaintiffs' claim." Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 16 is improper. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 16 should not be given to the jury.

<u>PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 17:</u>

The California Fair Claims Settlement Practices Regulations issued by the California Department of Insurance because the statute and regulations establish norms and customs and standards of care for the handling of insurance claims. An insurance company's commission of an unfair claims settlement practice in violation of that statute or those regulations may therefore be evidence of the company's breach of the implied covenant of good faith and fair dealing owed to its insured. *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.,* 78 Cal.App.4th 847, 916 (2000); and *Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1078 (2007).

Plaintiffs allege that Defendant failed to respond to communications and failed to advise Plaintiffs that it was disputing information submitted by Plaintiffs which Defendant used several months later as a basis to deny Plaintiffs' claim. Moreover, Defendant failed to advise Plaintiffs that it was still investigating coverage. This is also related to Defendant's allegations that Plaintiffs failed to comply with policy conditions because Plaintiffs contends Defendant failed to advise them of certain conditions on which it now relies to disclaim liability. As such, this instruction is appropriate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>PLAINTIFFS' DISPUTED INSTRUCTION NO. 18</u>

DUTY TO PAY FOR CONSEQUENTIAL DAMAGE

When a loss requires repair or replacement of an item or part, any consequential physical damage incurred in making the repair or replacement not otherwise excluded by the policy shall be included in the loss. The insured shall not have to pay for depreciation nor any other cost except for the applicable deductible.

Source:  10 CAL. CODE REGS. § 2695.9(a)(1)

DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 18:

State Farm objects to Plaintiffs' Special Jury Instruction No. 18 because it is an incomplete recitation of California Code of Regulations. Moreover, a definition for "damaged area" has not been provided such that this jury instruction is vague, ambiguous, and will confuse the jury. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. This instruction is not based on CACI. Therefore, Special Jury Instruction No. 18 should not be given to the jury.

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 18:

The California Fair Claims Settlement Practices Regulations issued by the California Department of Insurance because the statute and regulations establish norms and customs and standards of care for the handling of insurance claims. An insurance company's commission of an unfair claims settlement practice in violation of that statute or those regulations may therefore be evidence of the company's breach of the implied covenant of good faith and fair dealing owed to its insured. *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.,* 78 Cal.App.4th 847, 916 (2000); and *Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1078 (2007).

Plaintiffs' construction expert, Michael Nedobity will testify that his repair estimate is based on part on industry standards for good and workmanlike construction, and insurance standards which require payment for consequential damage occurring during repairs to covered property, and which require replacement materials to conform to a reasonable uniform appearance in the event that replacement materials do not match non-damaged/existing materials in quality, color, or size. Mr. Nedobity will also testify that the estimate prepared by Defendant's adjuster omitted certain items and/or was insufficient to allow for repairs to be made in a good and workmanlike manner and in accordance with applicable insurance standards for repairs to property damage. This instruction is necessary to explain the applicable law to the jury.

There is no form instruction addressing this statement of law and Defendant's argument about "damaged area" does not apply because that language is not in this instruction.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

## PLAINTIFFS' DISPUTED INSTRUCTION NO. 19

### DUTY TO REPLACE ITEMS THAT DO NOT MATCH

When a loss requires replacement of items and the replaced items do not match in quality, color or size, the insurer shall replace all items in the damaged area so as to conform to a reasonably uniform appearance.

Source:  10 CAL. CODE REGS. § 2695.9(a)(2)

**DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 19:**

State Farm objects to Plaintiffs' Special Jury Instruction No. 19 because it is an incomplete recitation of California Code of Regulations. Moreover, a definition for "damaged area" has not been provided such that this jury instruction is vague, ambiguous, and will confuse the jury. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. This instruction is not based on CACI. Therefore, Special Jury Instruction No. 19 should not be given to the jury.

<u>PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 19:</u>

The California Fair Claims Settlement Practices Regulations issued by the California Department of Insurance because the statute and regulations establish norms and customs and standards of care for the handling of insurance claims. An insurance company's commission of an unfair claims settlement practice in violation of that statute or those regulations may therefore be evidence of the company's breach of the implied covenant of good faith and fair dealing owed to its insured. *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.,* 78 Cal.App.4th 847, 916 (2000); and *Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1078 (2007).

Plaintiffs' construction expert, Michael Nedobity will testify that his repair estimate is based on part on industry standards for good and workmanlike construction, and insurance standards which require payment for consequential damage occurring during repairs to covered property, and which require replacement materials to conform to a reasonable uniform appearance in the event that replacement materials do not match non-damaged/existing materials in quality, color, or size. Mr. Nedobity will also testify that the estimate prepared by Defendant's adjuster omitted certain items and/or was insufficient to allow for repairs to be made in a good and workmanlike manner and in accordance with applicable insurance standards for repairs to property damage. This instruction is necessary to explain the applicable law to the jury. This instruction is also relevant to Plaintiffs' contents expert's testimony about replacing sets of items where only one piece was unrepairable.

There is no form instruction addressing this statement of law and Defendant's presents no legal or factual basis for claiming "damaged area" is vague or why this is a reason to deny Plaintiffs' request to give this instruction to the jury.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>PLAINTIFFS' DISPUTED INSTRUCTION NO. 20</u>

REQUIREMENTS FOR LOSSES SETTLED ON BASIS OF WRITTEN SCOPE

OR ESTIMATE

If losses are settled on the basis of a written scope and/or estimate prepared by or for the insurer, the insurer shall supply the claimant with a copy of each document upon which the settlement is based. The estimate prepared by or for the insurer shall be in accordance with applicable policy provisions, of an amount which will restore the damaged property to no less than its condition prior to the loss and which will allow for repairs to be made in a manner which meets accepted trade standards for good and workmanlike construction. The insurer shall take reasonable steps to verify that the repair or rebuilding costs utilized by the insurer or its claims agents are accurate and representative of costs in the local market area. If the claimant subsequently contends, based upon a written estimate which he or she obtains, that necessary repairs will exceed the written estimate prepared by or for the insurer, the insurer shall:

(1) pay the difference between its written estimate and a higher estimate obtained by the claimant; or,

(2) if requested by the claimant, promptly provide the claimant with the name of at least one repair individual or entity that will make the repairs for the amount of the written estimate. The insurer shall cause the damaged property to be restored to no less than its condition prior to the loss and which will allow for repairs in a manner which meets accepted trade standards for good and workmanlike construction at no additional cost to the claimant other than as stated in the policy or as otherwise allowed by these regulations; or,

(3) reasonably adjust any written estimates prepared by the repair individual or entity of the insured's choice and provide a copy of the adjusted estimate to the claimant.

Source:  10 CAL. CODE REGS. § 2695.9(d)

<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 20:</u>

Plaintiffs' Special Jury Instruction No. 20, which is based upon California Code of Regulations, provides purported requirements for losses settled on the basis of written scope or estimate. For example, it provides that an insurer "shall take reasonable steps to verify that the repair or rebuilding costs…are accurate"; that the insurer shall "supply the claimant with a copy of each document upon which the settlement is based"; and that the estimate shall be in "accordance with applicable policy provisions". However, this special jury instruction repeats principles of law contained in other jury instructions. More specifically, it parrots Instruction No. 39 (CACI No. 2337 – Factors to Consider in Evaluating Insurer's Conduct). In short, CACI No. 2337 delineates factors for a jury to consider in a bad faith cause of action to determine whether the insurer acted in bad faith, such as whether the insurer provided less than the amount owed under the policy and whether the insurer promptly provided a reasonable explanation for denying the claim. Moreover, it is cumulative of CACI 2300 (Breach of Contractual Duty to Pay a Covered Claim – Essential Factual Elements). Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 20 is cumulative. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 20 should not be given to the jury.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 20:

The California Fair Claims Settlement Practices Regulations issued by the California Department of Insurance because the statute and regulations establish norms and customs and standards of care for the handling of insurance claims. An insurance company's commission of an unfair claims settlement practice in violation of that statute or those regulations may therefore be evidence of the company's breach of the implied covenant of good faith and fair dealing owed to its insured. *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.,* 78 Cal.App.4th 847, 916 (2000); and *Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1078 (2007).

Plaintiffs' construction expert, Michael Nedobity will testify that his repair estimate is based on part on industry standards for good and workmanlike construction, and insurance standards which require payment for consequential damage occurring during repairs to covered property, and which require replacement materials to conform to a reasonable uniform appearance in the event that replacement materials do not match non-damaged/existing materials in quality, color, or size. Mr. Nedobity will also testify that the estimate prepared by Defendant's adjuster omitted certain items and/or was insufficient to allow for repairs to be made in a good and workmanlike manner and in accordance with applicable insurance standards for repairs to property damage. This instruction is necessary to explain the applicable law to the jury.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

## PLAINTIFFS' DISPUTED INSTRUCTION NO. 21

### INSURER'S DUTY TO INVESTIGATE AFTER LAWSUIT FILED

State Farm General Insurance Company's duty of good faith and fair dealing, including its duty to thoroughly and objectively investigate the Nemans' loss and to pay benefits owed under the policy, continued after the Nemans filed this lawsuit against State Farm General Insurance Company.

Source:  *White v. Western Title Ins. Co.*, 40 Cal. 3d 870, 881 (1985)

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 21:

Plaintiffs' Special Jury Instruction No. 21 concerns an insurer's duty to investigate after a lawsuit is filed. However, this special jury instruction repeats principles of law contained in other jury instructions. Namely, it repeats Instruction No. 39 (CACI No. 2337 – Factors to Consider in Evaluating Insurer's Conduct), which provides that an insurer must "implement reasonable standards for the prompt investigation and processing of claims." It is cumulative of Instruction No. 38, which states that an insurer has a "duty to diligently search for and consider evidence that supported coverage of the claimed loss." In addition, it is cumulative of Instruction No. 36 which states that "an insurance company must give at least as much consideration to the interests of the insured as it gives to its own interest."   Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 21 is improper. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 21 should not be given to the jury.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 21:

Plaintiffs submitted additional support for coverage and cost of repairs. Defendant has a duty to thoroughly and objectively investigate the Nemans' loss and to pay benefits owed under the policy, even after litigation commences.  This instruction is appropriate because Plaintiffs presented additional support for coverage and cost of repairs and State Farm still refused to issue any undisputed payment and continues to maintain that no further payments are due.  Thus, this instruction should be given so that the jury may properly evaluate Plaintiffs' bad faith claim.

PLAINTIFFS' DISPUTED INSTRUCTION NO. 22

RELIANCE ON EXPERTS

Defendant claims that its conduct was reasonable because it relied on the opinions of experts. For such reliance to weigh in favor of Defendant's claim that it acted reasonably, Defendant must prove:

(a) that it did not misrepresent facts in communicating with its experts;

(b) that it did not dishonestly select its experts;

(c) that the experts acted reasonably;

(d) that the expert did not misrepresent facts; and

(e) that Defendant conducted a thorough investigation.

Source:

*Chateau Chamberay v. Associated Intern. Ins. Co.* (2000) 90 Cal.App.4th 335, 348-49; *Guebara v. State Farm General Ins. Co.* (9th Cir. 2001) 237 F.3d 987, 996.

## DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 22:

Plaintiffs' Special Jury Instruction No. 22 concerns an insurer's reliance on experts, and Plaintiffs delineate five elements that must be established to find that State Farm acted reasonably. Plaintiffs rely on *Guebara* and *Chateau Chemberay* in support of their position. However, *Guebara* and *Chateau Chamberay* do not delineate five elements that must be established in order to find that a genuine dispute exists. Accordingly, Jury Instruction No. 22 lacks authority and should not be given.

1
2

<u>PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 22:</u>

3
4
5
6
7

Defendant's defense to bad faith is based heavily on alleged reliance on experts. There is no dispute that Defendant relied on experts to deny Plaintiffs' claim. However, relying on an expert does not automatically absolve Defendant of liability. Therefore, it is necessary to instruct the jury on the factors which demonstrate the reliance on experts was unreasonable.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>PLAINTIFFS' DISPUTED INSTRUCTION NO. 23</u>

MANAGING AGENT

A managing agent is any employee of Defendant's who had authority to pay or deny the Nemans' claim.

Source:  *Egan v. Mutual of Omaha Ins. Co.,* 24 Cal.3d 809, 822-823 (1979); *Major v. Western Home Ins. Co.,* 69 Cal. App. 4th 1197, 1220-1221 (2009).

<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 23:</u>

Plaintiffs' Special Jury Instruction No. 23 defines "managing agent". However, this special jury instruction repeats principles of law contained in other jury instructions. Namely, it repeats Instruction No. 45 (CACI No. 3946), which provides that an employee is a "'managing agent' if he or she exercises substantial independent authority and judgment….."  Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 23 is improper. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 23 should not be given to the jury.

1   <u>PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO.</u>

2   <u>23:</u>

3       This is an extension of Plaintiffs' instructions on punitive damages and

4   provides the definition of a managing agent in the context of an insurance claim

5   which is not covered by CACI 3945.  See *Egan v. Mutual of Omaha Ins. Co.,* 24

6   Cal.3d 809, 822-823 (1979); *Major v. Western Home Ins. Co.,* 69 Cal. App. 4th 1197,

7   1220-1221 (2009).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

1

2

## PLAINTIFFS' DISPUTED INSTRUCTION NO. 24

3

### GENUINE DISPUTE

4    The genuine dispute rule does not relieve an insurer from its obligation to

5   thoroughly and fairly investigate, process, and evaluate the insured's claim.  A genuine

6   dispute exists only where the insurer's position is maintained in good faith and on

7   reasonable grounds.

8

9

10  **AUTHORITY:**  *Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713, 723-724. 402.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 24:</u>

Plaintiffs' Special Jury Instruction No. 25 concerns the genuine dispute doctrine and an insurer's obligation to thoroughly and fairly investigate the claim. However, this special jury instruction repeats principles of law contained in other jury instructions. Namely, it repeats Instruction No. 39 (CACI No. 2337 – Factors to Consider in Evaluating Insurer's Conduct), which provides that an insurer must "implement reasonable standards for the prompt investigation and processing of claims." It is cumulative of Instruction No. 38, which states that an insurer has a "duty to diligently search for and consider evidence that supported coverage of the claimed loss." In addition, it is cumulative of Instruction No. 36 which states that "an insurance company must give at least as much consideration to the interests of the insured as it gives to its own interest."   Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 25 is improper. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 25 should not be given to the jury.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO.</u>

<u>24:</u>

Defendant's defense to bad faith is based heavily on the genuine dispute doctrine. Obviously, there is a dispute between the parties which led to this lawsuit. However, the existence of a dispute is not enough to absolve Defendant of liability for bad faith. Therefore, it is necessary to instruct the jury on what is required for there to be a "genuine dispute."

1

2          <u>PLAINTIFFS' DISPUTED INSTRUCTION NO. 25</u>

3                REQUIREMENTS FOR CLAIM DENIAL

4          An insurer cannot reasonably and in good faith deny payments to its insured

5    without fully investigating the grounds for its denial.

6

7

8    *Frommoethelydo v. Fire Insurance Exchange* (1986) 42 Cal.3d 208, 214–215; *Egan*

9    *v. Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 819.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 25:</u>

Plaintiffs' Special Jury Instruction No. 26 states that an insurer must fully investigate the grounds of a denial. However, this special jury instruction repeats principles of law contained in other jury instructions. Namely, it parrots Instruction No. 39 (CACI No. 2337 – Factors to Consider in Evaluating Insurer's Conduct), which provides that an insurer must "implement reasonable standards for the prompt investigation and processing of claims." Moreover, it is cumulative of Instruction No. 38, which states that an insurer has a "duty to diligently search for and consider evidence that supported coverage of the claimed loss."  Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 26 is improper. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 26 should not be given to the jury.

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 25:

This is an extension of CACI 2332, but it is not cumulative.  This instruction explains what it means for a claim denial, such as the one at issue in this case, to be based on a proper or reasonable investigation.

PLAINTIFFS' DISPUTED INSTRUCTION NO. 26

VIOLATIONS OF INSURANCE STATUTES AND REGULATIONS AS
EVIDENCE OF BAD FAITH


The Unfair Insurance Practices Act (California Insurance Code section 790.03(h)) and the California Fair Claims Settlement Practices Regulations issued by the California Department of Insurance because the statute and regulations establish norms and customs and standards of care for the handling of insurance claims. An insurance company's commission of an unfair claims settlement practice in violation of that statute or those regulations may therefore be evidence of the company's breach of the implied covenant of good faith and fair dealing owed to its insured.

Source:      *Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1078 (2007); *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.,* 78 Cal.App.4th 847, 916 (2000).

<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 26:</u>

This instruction states that violations of insurance statutes and regulations may serve as evidence of bad faith. However, this special jury instruction repeats principles of law contained in other jury instructions. Namely, it parrots Instruction No. 39 (CACI No. 2337 – Factors to Consider in Evaluating Insurer's Conduct). In short, CACI No. 2337 delineates factors for a jury to consider in a bad faith cause of action to determine whether the insurer acted in bad faith, and the factors encompass the Unfair Insurance Practices and. Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 28 is cumulative. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 28 should not be given to the jury.

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 26:

CACI 2337 is not an exhaustive list of factors a jury may consider when evaluating an insurer's conduct.

Plaintiffs allege Defendant failed to comply with various provisions of the California Fair Claims Settlement Practices Regulations, including the failure to begin a prompt investigation. Thus, providing this definition to the jury is appropriate to understand that violations of the insurance regulations may be considered as evidence of bad faith and Defendant's patterns and practices for claims handling.

<u>PLAINTIFFS' DISPUTED INSTRUCTION NO. 27</u>

FRAUD AS A BASIS FOR PUNITIVE DAMAGES

For purposes of a punitive damages award, "fraud" is an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury. All that is required is that the fraud relate to the conduct giving rise to the insurer's breach of the implied covenant of good faith and fair dealing. Fraud can also be established by proving State Farm General Insurance Company made a promise to the Nemans without the intent of performing that promise.

Fraud may also be established by showing that State Farm General Insurance Company or its agents deliberately misled Plaintiffs about the nature or extent of their loss or concealed from Plaintiffs the fact that they had a covered loss under the terms of their policy.

Authority:   Civil Code section 3294(c)(3); see *Notrica v. State Comp. Ins. Fund*, 70 Cal.App.4111 911, 948 (1999); *Wetherbee v. United Ins. Co. of America*, 265 Cal.App.2d 921, 931 (1968); see *Simon v. San Paolo US. Holding Co., Inc*., 35 Cal.4th 1159, 1170 (2005).

<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 27:</u>

This instruction which defines the term "fraud", is improper because it repeats principles of law contained in other jury instructions. More specifically, the definition of "fraud" is contained in Plaintiff's Proposed Jury Instruction No. 45 (Punitive Damages – Entity Defendant (CACI 3946)). Because this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions", Special Jury Instruction No. 29 is cumulative. Moreover, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. Therefore, Special Jury Instruction No. 29 should not be given to the jury.

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 27:

This instruction elaborates on what can constitute "fraud" for purposes of punitive damages in the insurance context.  Thus, this instruction serves as a supplement to CACI 3945.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

## PLAINTIFFS' DISPUTED INSTRUCTION NO. 28

## CLAIM STATUS REPORT REQUIRED WHEN 3 ADJUSTERS ASSIGNED TO CLAIM IN LESS THAN SIX-MONTH PERIOD

If, within a six-month period, the company assigns a third or subsequent adjuster to be primarily responsible for a claim, the insurer, in a timely manner, shall provide the insured with a written status report. For purposes of this section, a written status report shall include a summary of any decisions or actions that are substantially related to the disposition of a claim, including, but not limited to, the amount of losses to structures or contents, the retention or consultation of design or construction professionals, the amount of coverage for losses to structures or contents and all items of dispute.

Source:  Cal. Ins. Code, §§ 2070, 2071 ("Adjusters")

<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' DISPUTED INSTRUCTION NO. 28:</u>

This instruction states that when 3 adjusters are assigned to a claim within a 6 month period, the insurer shall provide the insurer with a written status report. First, this instruction is irrelevant because State Farm did not assign three adjusters in less than a six month period. Second, because this instruction relates to timely communications regarding the claim, it is encompassed by CACI 2337. Moreover, this Court's Civil Jury Trial Order states that the jury instructions shall "cover only one subject or principle of law [and] not repeat principles of law contained in any other requested instructions". Therefore, instruction No. 30 is cumulative. In addition, the Court "prefers counsel to use the California Jury Instruction in either BAJI or CACI." See, Court's Civil Jury Trial Order, Section 2. As such, Special Jury Instruction No. 30 should not be given to the jury.

PLAINTIFFS' SUPPORT FOR PLAINTIFFS' DISPUTED INSTRUCTION NO. 28:

Section 2070 of the Insurance Code requires all fire-insurance policies to be on the "standard form," which is set forth at Insurance Code section 2071.  Thus, this instruction sets forth a term of the contract between Plaintiffs and Defendant.  Plaintiffs allege Defendant breached this provision and that the breach led to denial of Plaintiffs' claim based on a failure to properly review the file and identify the decisions or actions substantially related to the disposition of a claim which occurred prior to the third adjuster taking over the file.  Thus, this instruction is appropriate.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**