**COZEN O'CONNOR**
Valerie D. Rojas, State Bar No. 180041
*vrojas@cozen.com*
Angel Marti, III, State Bar No. 305300
*amarti@cozen.com*
601 South Figueroa Street, Suite 3700
Los Angeles, CA  90017-5556
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZILA NEMAN, an individual; and BIJAN NEMAN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM GENERAL INSURANCE COMPANY, and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. 2:19-cv-10104-RGK-AFM <br><br> Assigned to Honorable Judge Gary Klausner <br><br> **DEFENDANT'S DISPUTED JURY INSTRUCTIONS** <br><br> Pre-Trial Conference:  July 26, 2021 <br> Trial Date:            August 10, 2021 |

Defendant State Farm General Insurance Company ("Defendant" or "State Farm") submits the following disputed jury instructions, with Plaintiffs' arguments opposing such instructions, followed by Defendant's reply in support thereof.

DATED:  July 25, 2021          COZEN O'CONNOR

By:  */s/Angel Marti, III*
       Valerie D. Rojas
       Angel Marti, III
       Attorneys for Defendant STATE FARM
       GENERAL INSURANCE COMPANY

| No. | Title | Source(s) |
|---|---|---|
| 1. | Damages – Proof | Ninth Circuit Manual of Model Civil Jury Instructions § 5.1 |
| 2. | Willful Suppression of Evidence | CACI 204 |
| 3. | Failure to Explain or Deny Evidence | CACI 205 |
| 4. | Breach of Contract | CACI 300 |
| 5. | Breach of Contract – Essential Factual Elements | CACI 303 |
| 6. | Mitigation of Damages | CACI 358 |
| 7. | Affirmative Defenses – Insurance Policy Exclusion [Modified] | CACI 2303; *Aydin Corp. v. First State Insurance Co.*, 18 Cal.4th 1183, 1188 (Cal. 1998); State Farm's Homeowner's Policy issued to Plaintiffs |
| 8. | Affirmative Defenses – Insurance Policy Exclusion [Modified] | CACI 2303; *Aydin Corp. v. First State Insurance Co.*, 18 Cal.4th 1183, 1188 (Cal. 1998); State Farm's Homeowner's Policy issued to Plaintiffs |
| 9. | Damages for Bad Faith | CACI 2350 |
| 10. | Punitive Damages – Entity Defendant – Trial Bifurcated (First Phase) | CACI 3946 |

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

### Damages – Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiffs on the Plaintiffs' breach of contract and/or breach of implied covenant of good faith and fair dealing claims, you must determine the Plaintiffs' damages. The Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for any injury you find was caused by the defendant. You should consider the following:

The reasonable value of necessary repairs to any property that was damaged;

The reasonable value of any property that was damaged that cannot be repaired;

The reasonable costs and expenses, including attorneys' fees, that Plaintiffs have been forced to incur to obtain the benefits owed to them by State Farm under the insurance policy;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 5.1

| GIVEN: | | |
|---|---|---|
| REFUSED: | | |
| MODIFIED: | | |
| WITHDRAWN: | | |
| | | _____<br>Hon. R. Gary Klausner<br>Judge of the United States District Court<br>Central District of California |

**PLAINTIFFS' OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 1**

This instruction misstates the law as to the applicable standards for recovery of contract and tort damages. For example, to recover costs (not including attorneys' fees), Plaintiffs do not necessarily need to prove they were incurred in the pursuit of policy benefits. A plaintiff may recover any foreseeable consequential damages. (Civ. Code, § 3300.) As such, Plaintiffs are entitled to recover costs, such as public adjuster fees and expert fees, if it was foreseeable that Plaintiffs would incur such costs in the event of Defendant's failure to pay policy benefits, i.e., breach of contract.  Moreover, a plaintiff may recover damages proximately caused by an insurer's unreasonable withhold of benefits, i.e., bad faith, regardless of foreseeability. (Civ. Code, § 3333.) Additionally, the amount of policy benefits to which Plaintiffs are entitled is not determined by the "reasonable value of necessary repairs to any property that was damaged." This standard is for tortious harm to real property. (See Civ. Code 3334.) In this case, the policy terms and applicable statutes and regulations set the measure for recovery as it concerns policy benefits. *See Stephens & Stephens XII, LLC v. Fireman's Fund Insurance Co.*, 231 Cal. App. 4th 1131, 1143 (2014) [trial court properly interpreted policy terms to determine appropriate measure of recovery for repair costs].

The instruction is confusing because it fails to segregate the categories of damages sought on the contract and tort claims.

Additionally, the instruction is incomplete because it fails to identify all categories of damages Plaintiffs seek to recover, such as emotional distress and public adjuster fees.

Plaintiffs further object that this instruction is unduly repetitive and/or duplicative of Plaintiffs' Jury Instruction Nos. 31, 40, and 45, which address contract, tort, and punitive damages, respectively, and are less likely to confuse the jury regarding recoverable damages for each of Plaintiffs' claims.

## DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 1

Plaintiffs' objection lacks merit for two reasons. First, this instruction is not confusing simply because it fails to segregate the categories of damages sought on the contract and tort claims. Indeed, such segregation regarding the categories of damages is contained, *inter alia*, in CACI 2350 (Damages for Bad Faith) and CACI 3946 (Punitive Damages). Moreover, there is no indication in this proposed jury instruction that requires the damages to be segregated, and Plaintiffs fail to cite any authority to support their position. Second, the comment section for Instruction 5.2 (Measures of Types of Damages) instructs the parties to "[i]nsert only the appropriate bracketed items from this instruction into Instruction 5.1 (Damages-Proof)." This is precisely what Defendant did in drafting this proposed jury instruction. Therefore,  Plaintiffs' argument that the jury instruction is "incomplete" because it does not include expert fees and public adjuster fees lacks merit because such damages are not listed as options under Instruction 5.2.  For the same reason, Plaintiffs' position that this instruction misstates the law as to the applicable standards of recovery fails as State Farm utilized the applicable bracketed damages in drafting this proposed jury instruction. As such, this proposed jury instruction is appropriate.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

### Willful Suppression of Evidence

You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

<u>Authority</u>: Judicial Council of California Civil Jury Instruction No. 204

| | | |
|---|---|---|
| **GIVEN:** | | |
| **REFUSED:** | | |
| **MODIFIED:** | | |
| **WITHDRAWN:** | | |
| | | _____<br>Hon. R. Gary Klausner<br>Judge of the United States District Court<br>Central District of California |

**PLAINTIFFS' OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 2**

Plaintiffs object to this instruction as irrelevant, and likely to mislead the jury and invite speculation. First, it is based on the California Evidence Code. (See CACI 204 "Directions for Use" and Evid. Code, § 413.) Because this is a diversity case, federal rules of evidence apply. *Back v. Nestle USA, Inc.*, 694 F. 3d 571, 578, fn. 2 (6th Cir. 2012) Moreover, it is based on an erroneous theory and is unsupported by any evidence. *See Brownlow v. Aman*, 740 F. 2d 1476, 1490 [jury instructions must be supported by the pleadings and evidence (or reasonable inferences therefrom).]. There is no evidence that Plaintiffs intentionally concealed or destroyed evidence.

**<u>DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTION TO PROPOSED</u>**

**<u>JURY INSTRUCTION NO. 2</u>**

While this jury instruction is based on California Evidence Code, there is no federal counterpart instructing the jury how to treat evidence that has been willfully suppressed. In addition, this jury instruction has a factual basis. Here, while Plaintiffs argue that water is leaking from the pool cracks, Plaintiffs' retained pool expert intentionally deleted the only video that purportedly demonstrates water leaking from the cracks, and there is no other evidence to establish Plaintiffs' contention. Therefore, because there is a factual basis to support State Farm's position, and because there is no federal counterpart, this jury instruction is appropriate. *See, Sprague v. Equifax, Inc.,* 166 Cal.App.3d. 1012, 1051.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

### Failure to Explain or Deny Evidence

If a party failed to explain or deny evidence against it, when it could reasonably be expected to have done so based on what it knew, you may consider its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

Authority: Judicial Council of California Civil Jury Instruction No. 205

| | | |
|---|---|---|
| **GIVEN:** | | |
| **REFUSED:** | | |
| **MODIFIED:** | | |
| **WITHDRAWN:** | | _____<br>Hon. R. Gary Klausner<br>Judge of the United States District Court<br>Central District of California |

**PLAINTIFFS' OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 3**

Plaintiffs object to this instruction as irrelevant, and likely to mislead the jury and invite speculation. First, it is based on the California Evidence Code. (See CACI 205 "Directions for Use" and Evid. Code, § 413.) Because this is a diversity case, federal rules of evidence apply. *Back v. Nestle USA, Inc.*, 694 F. 3d 571, 578, fn. 2 (6th Cir. 2012) Moreover, it is based on an erroneous theory and is unsupported by any evidence. *See Brownlow v. Aman*, 740 F. 2d 1476, 1490 [jury instructions must be supported by the pleadings and evidence (or reasonable inferences therefrom).]. There is nothing in the record to suggest a failure to explain or deny evidence.

## **DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 3**

While this jury instruction is based on California Evidence Code, there is no federal counterpart instructing the jury how to treat evidence that has been willfully suppressed. In addition, this jury instruction has a factual basis. Here, while Plaintiffs argue that water is leaking from the pool cracks, Plaintiffs' retained pool expert intentionally deleted the only video that purportedly demonstrates water leaking from the cracks, and there is no other evidence to establish Plaintiffs' contention. Therefore, because there is a factual basis to support State Farm's position, and because there is no federal counterpart, this jury instruction is appropriate. *See, Sprague v. Equifax, Inc.,* 166 Cal.App.3d. 1012, 1051.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

### Breach of Contract

Plaintiffs claim that they and Defendant entered into an insurance contract.

Plaintiffs claim that Defendant breached this insurance contract by failing to pay additional benefits owed under the policy.  Plaintiffs also claim that Defendant's breach of this insurance contract caused harm to Plaintiffs for which Defendant should pay.

Defendant denies that it owes additional benefits under the insurance contract. Defendant also claims that Plaintiffs failed to mitigate their losses, that certain items were not damaged by a covered loss, and that they failed to cooperate in Defendant's investigation. Further, Defendant contends that Plaintiffs were not harmed for any of the purported actions.

<u>Authority</u>: Judicial Council of California Civil Jury Instruction No. 300

| | | |
|---|---|---|
| **GIVEN:** | | |
| **REFUSED:** | | |
| **MODIFIED:** | | |
| **WITHDRAWN:** | | _____<br>Hon. R. Gary Klausner<br>Judge of the United States District Court<br>Central District of California |

**PLAINTIFFS' OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 4**

Plaintiffs object to the language Defendant uses for bracketed portions of this instruction.

Paragraph 1 in CACI 301 states "[Name of plaintiff] claims that [he/she/nonbinary pronoun/it] and [name of defendant] entered into a contract for [insert brief summary of alleged contract]." Defendant's proposed version fails to adequately summarize the contract. Plaintiffs propose that this paragraph state "Plaintiffs claim that they and Defendant entered into a contract for homeowners' insurance."

Breach of an insurance contract by an insurer is the failure to pay policy benefits. By using the term "pay additional policy benefits," in paragraph 2, Defendant misleads the jury about the nature of the policy benefits sought or the obligation of Defendant to pay policy benefits. The word "additional" should be omitted.

Similarly, Defendant's denial should use the same language used to describe Plaintiffs' claim, e.g., "Plaintiffs claim that State Farm breached the insurance contract by failing to pay policy benefits. State Farm denies that it breached the insurance contract by failing to pay policy benefits." Nothing further should be stated as to the basis for State Farm's denial; otherwise, the instruction is argumentative because it places more emphasis on State Farm's denial.

CACI 300 states: [*Name of defendant*] denies [*insert denial of any of the above claims*]. [Name of defendant] also claims [insert affirmative defense]. Defendant's proposed language includes arguments which are not affirmative defenses ("certain items were not damaged by a covered loss"). Whether a loss is caused by an excluded risk is not an affirmative defense because coverage under the policy, i.e., direct physical loss not excluded, is an element of Plaintiffs' breach of contract claim. See CACI 2300.

Additionally, as to those affirmative defenses listed (failure to mitigate their losses and failure to cooperate), those are inapplicable, too general and vague, and/or lack evidentiary support. Although failure to mitigate damages is an affirmative defense, it is not a complete defense to liability because it is simply an offset on damages. As such, Defendant can still be liable for breach of contract notwithstanding a failure to mitigate damages. State Farm's claim that Plaintiffs "failed to cooperate in State Farm's investigation" is too vague and general. More importantly, it is completely unsupported by the evidence.

Lastly, read as a whole, this instruction is argumentative and prejudicial because it unduly emphasizes Defendant's arguments for non-liability, especially when Defendant proposes other instructions addressing its defenses. *See Dupre v. Fru-Con Engineering, Inc.*, 112 F. 3d 329, 335 (7th Cir. 1983).

## DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 4

Plaintiffs' objection is baseless for several reasons. First, the inclusion of the word "additional" in the jury instruction is not misleading because State Farm paid policy benefits – and the issue in this case is whether additional policy benefits are owed. In fact, if the word "additional" is not included, then it suggests that State Farm denied Plaintiffs' insurance claim without paying any policy benefits – which is factually incorrect and misleading. For the same reason, Plaintiffs cannot claim that the jury instruction is "argumentative". Second, whether the loss is caused by an excluded risk is an affirmative defense because State Farm included the applicable exclusions as affirmative defenses in its Answer, and the title of CACI No. 2303 (i.e., "Affirmative Defense – Insurance Policy Exclusion) further establishes that policy exclusions are an affirmative defense. Third, the failure to mitigate has evidentiary support because, despite the fact that the tree fall occurred more than three (3) years ago, Plaintiffs testified that they failed to make any effort to remediate the insured property, including repairs to the roof and pool. Moreover, Plaintiffs' failure to maintain water in the pool since the tree fall has caused cracking because of sun exposure, which State Farm's expert will testify in support. Fourth, Plaintiffs' failure to cooperate has evidentiary support because they failed to submit all documentation supporting their claims to State Farm before filing this lawsuit, such as providing estimates under Coverage B and C of the Policy. Fifth, this instruction cannot be "argumentative" or "prejudicial" because it simply recites CACI 300 and it includes the information that is needed. Sixth, because Plaintiffs fail to include the correct citation for the case entitled "*Dupre v. Fru-Con Engineer, Inc.*", it is unable to evaluate the merits and applicability of this authority.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

### Breach of Contract – Essential Factual Elements

To recover damages from Defendant for breach of contract, Plaintiffs must prove all of the following:

1.     That Plaintiffs and Defendant entered into an insurance contract;

2.     That Defendant did all, or substantially all, of the significant things that the insurance contract required them to do;

3.     That there was a covered loss under the insurance contract requiring Defendant's performance;

4.     That Defendant failed to do something that the insurance contract required it to do;

5.     That Plaintiffs were harmed; and

6.     That Defendant's breach of contract was a substantial factor in causing Plaintiffs' harm.

Authority: Judicial Council of California Civil Jury Instruction No. 303

| GIVEN: | | |
|---|---|---|
| REFUSED: | | |
| MODIFIED: | | |
| WITHDRAWN: | | _____<br>Hon. R. Gary Klausner<br>Judge of the United States District Court<br>Central District of California |

**PLAINTIFFS' OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 5**

Plaintiffs object to this instruction as unduly repetitive and duplicative of CACI 2300 – Breach of Contractual Duty to Pay a Covered Claim (See Plaintiffs' Instruction No. 34.) CACI 2300 is intended for first party coverage claims and is the proper instruction to be given in this case as to the elements for breach of contract. (CACI 2300 – Directions for Use). CACI 300 series is to be used for "general breach of contract issues." Id.

Moreover, this instruction includes elements that are not in dispute, e.g., whether the parties entered into a contact, and whether "Plaintiffs did all, or substantially, of the significant things that the insurance contract required them to do." The parties do not dispute that Plaintiffs timely notified Defendant of the loss.

Additionally, the elements are vague and confusing, e.g., "State Farm failed to do something that the insurance contract required it to do." The breach is simple – the failure to pay policy benefits.

## DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 5

Plaintiffs claim that the CACI 300 series is to be used for general breach of contract issues, but Plaintiffs included CACI 315 and 350 in their proposed jury instructions. For this reason alone, Plaintiffs' objection lacks merit. Moreover, it is irrelevant whether or not the jury instruction contains "elements that are not in dispute" as the purpose of the instruction is to provide the jury with the essential factual elements for a breach of contract claim. In fact, it would be illogical to prevent the jury from knowing the essential elements comprising a cause of action simply because certain elements may not be in dispute – and Plaintiffs do not cite any authority to support this position. Finally, Plaintiffs' "vague and confusing" objection is equally illogical because it recites – without any modification – CACI 303.

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6</u>

### Mitigation of Damages

If Defendant breached the contract and the breach caused harm, Plaintiffs are not entitled to recover damages for harm that Defendant proves Plaintiffs could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of Plaintiffs' efforts in light of the circumstances facing them at the time, including their ability to make the efforts or expenditures without undue risk or hardship.

If Plaintiffs made reasonable efforts to avoid harm, then your award should include reasonable amounts that they spent for this purpose.

<u>Authority</u>: Judicial Council of California Civil Jury Instruction No. 358

| | | |
|---|---|---|
| **GIVEN:** | | |
| **REFUSED:** | | |
| **MODIFIED:** | | |
| **WITHDRAWN:** | | _____<br>Hon. R. Gary Klausner<br>Judge of the United States District Court<br>Central District of California |

**PLAINTIFFS' OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 6**

Plaintiffs object to this instruction as argumentative and irrelevant as the alleged failure to mitigate damages is unsupported by any evidence. *See Brownlow v. Aman*, 740 F. 2d 1476, 1490 [jury instructions must be supported by the pleadings and evidence (or reasonable inferences therefrom).]. There is nothing in the record to suggest Plaintiffs are seeking recovery for damages which could have possibly been mitigated.

## DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 6

Plaintiffs' objection lacks merit as they fail to consider that additional damage was caused to the pool's plaster because they left it exposed and without water since the tree fall in January 2017. Moreover, Defendant's pool expert will testify that multiple cracks throughout the pool were caused the pool was left empty for an extended period of time. Therefore, this jury instruction is relevant, and Plaintiffs fail to explain how this jury instruction is "argumentative".

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

### Affirmative Defense – Insurance Policy Exclusion [Modified]

Defendant claims that certain items regarding Plaintiffs' loss are not covered because they are specifically excluded under the policy. Plaintiffs must first prove that the damaged items fall within the basic scope of insurance coverage. And once an insured has made this showing, the burden is on State Farm to prove that the items are excluded under the policy.  The exclusion applies if the items were damaged due to any of the following.

1. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown; or

2. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings; or

3. Neglect, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered; or

4. defect, weakness, inadequacy, fault or soundness in maintenance; or

5. defect, weakness, inadequacy, fault or soundness in design, specifications, workmanship, construction, grading, compaction.

Authority:

Judicial Council of California Civil Jury Instruction No. 2303;

"The burden is on an insured to establish that the occurrence forming the basis of its claim is within the basic scope of insurance coverage. And, once an insured has made this showing, the burden is on the insurer to prove the claim is specifically excluded." *Aydin Corp. v. First State Insurance Co.*, 18 Cal.4th 1183, 1188 (Cal. 1998);

State Farm's Homeowner's Policy issued to Plaintiffs.

| **GIVEN:** | | |
|---|---|---|
| **REFUSED:** | | |
| **MODIFIED:** | | |
| **WITHDRAWN:** | | _____<br>Hon. R. Gary Klausner<br>Judge of the United States District Court<br>Central District of California |

**PLAINTIFFS' OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 7**

Plaintiffs object to this instruction because it fails to include the bracketed information required by CACI 2303: which states as follows: [Name of defendant] claims that [*name of plaintiff*]'s [liability/loss] is not covered because it is specifically excluded under the policy. To succeed, [*name of defendant*] must prove that [*name of plaintiff*]'s [liability/loss] [arises out of/is based on/occurred because of] [*state exclusion under the policy*]. This exclusion applies if [*set forth disputed factual issues that jury must determine*]. Specifically, Defendant fails to include the last sentence which sets forth the disputed factual issues that the jury must determine. Additionally, CACI 2303 does not include the sentences "Plaintiffs must first prove that the damaged items fall within the basic scope of insurance coverage. And once an insured has made this showing, the burden is on State Farm to prove that the items are excluded." These sentences are repetitive of other jury instructions regarding the respective burdens for insurance coverage. See Plaintiffs' Special Instructions Nos. 2 and 4. Accordingly, this instruction is incomplete, confusing, repetitive, and argumentative.

## DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 7

Plaintiffs claim that this jury instruction should not be given because it fails to include certain bracketed information contained in CACI No. 2303 (Affirmative Defense – Insurance Policy Exclusion). However, this objection is irrelevant because Defendant clearly identifies that the jury instruction has been modified. Moreover, Plaintiffs' objection that the jury instruction is confusing because the respective burdens of insurance coverage are included is illogical. Indeed, failing to include the parties' respective burdens for insurance coverage will lead to confusion, particularly given that this jury instruction strictly relates to policy exclusions. Additionally, Plaintiffs' objection that the jury instruction is duplicative lacks merit because the parties' respective burdens should be included when the jury instruction relates to policy exclusions. Finally, because Plaintiffs fail to explain how this jury instruction is "argumentative", Plaintiffs' objection on this ground is baseless.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

### Affirmative Defense – Insurance Policy Exclusion [Modified]

Defendant claims that Plaintiffs failed to mitigate their loss. To begin with, Plaintiffs must first prove that the damaged items fall within the basic scope of insurance coverage. And once Plaintiffs have made this showing, the burden is on Defendant to prove that Plaintiffs failed to mitigate their loss pursuant to the Policy.

### SECTION I – CONDITIONS

2.   **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a. give immediate notice to us or our agent. . .

b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

c. prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d. as often as we reasonably require:

(2) provide us with records and documents we request and permit us to make copies;
. . .

e. submit to us, within 60 days after the loss, your signed sworn proof of loss which sets forth, to the best of your knowledge and belief:

(1) the time and cause of loss;

(2) interest of the insured and all others in the property involved and all encumbrances on the property;

(3) other insurance which may cover the loss

(4) changes in title or occupancy of the property during the term of this policy;

(5) specifications of any damaged building and detailed estimates for repair of the damage;

(6) an inventory of damages or stolen personal property described in 2.c;
(7) receipts for additional living expenses incurred and records supporting

the fair rental value loss.

Authority:

Judicial Council of California Civil Jury Instruction No. 2303;

"The burden is on an insured to establish that the occurrence forming the basis of its claim is within the basic scope of insurance coverage. And, once an insured has made this showing, the burden is on the insurer to prove the claim is specifically excluded." *Aydin Corp. v. First State Insurance Co*., 18 Cal.4th 1183, 1188 (Cal. 1998);

State Farm's Homeowner's Policy issued to Plaintiffs.

| GIVEN: | | |
|---|---|---|
| **REFUSED:** | | |
| **MODIFIED:** | | |
| **WITHDRAWN:** | | |
| | | _____<br>Hon. R. Gary Klausner<br>Judge of the United States District Court<br>Central District of California |

## PLAINTIFFS' OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 8

Plaintiffs object to this instruction because the "Duties After Loss" are not policy exclusions, they are conditions. Conditions neither provide nor exclude coverage. They impose certain duties on the insured in order to obtain the coverage provided by the policy. *North American Capacity Ins. Co. v. Claremont Liab. Ins. Co.*, 177 Cal. App. 4th 272, 289-290 (2009). Moreover, this instruction fails to properly instruct on the applicable law because it fails to state that Defendant must show prejudice from a failure to comply with a condition. While "[a]n insurer may assert defenses based upon a breach of the insured of a condition of the policy ..., the breach cannot be a valid defense unless the insurer was substantially prejudiced thereby." *Campbell v. Allstate Ins. Co*., 60 Cal.2d 303, 305 (1963).

Additionally, it includes policy language completely irrelevant to the alleged failure to provide an inventory, e.g., "exhibit the damaged property." Also, the requirement for submitting "an inventory of damages or stolen property…" only applies where a sworn proof of loss is requested, which never happened.

This instruction is also repetitive and duplicative of Defendant's instructions regarding mitigation of damages. See Instruction No. 15.

Additionally, CACI 2303 does not include the sentences "Plaintiffs must first prove that the damaged items fall within the basic scope of insurance coverage. And once an insured has made this showing, the burden is on State Farm to prove that the items are excluded." These sentences are repetitive of other jury instructions regarding the respective burdens for insurance coverage. See Plaintiffs' Special Instructions Nos. 2 and 4.

Accordingly, this instruction is incomplete, does not properly state the applicable law, and is confusing, misleading, and argumentative.

### **DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 8**

This jury instruction cannot be repetitive nor duplicative of State Farm's mitigation of damages instruction because this jury instruction cites the specific policy language under the "Duties After Loss" provision – and the mitigation of damages instruction does not. Further, Plaintiffs' objection that the instruction contains irrelevant policy language is moot because such language is not included in State Farm's proposed jury instruction. Additionally, Plaintiffs fail to recognize that the Policy requires the them to cooperate and establish their damages, and Plaintiffs breached their Duties After Loss in failing to do so. For example, Plaintiffs failed to provide any estimate under Coverage B and C, but then at the time of expert disclosures, provided an estimate from their expert and they seek payment based upon the expert's estimates. See, *Othman v. Globe Indem. Co., 759 F.2d 1458, 1465* (9th Cir. 1985) (insured's failure to cooperate suspends any duty to pay). Accordingly, State Farm cannot breach a Policy for failing to pay a claim that it did not know about. As such, the duty after the loss is an affirmative defense and it is proper to include this provision under CACI No. 2303.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

### Damages for Bad Faith

If you decide that Plaintiffs have proven their claim against State Farm, you must also decide how much money will reasonably compensate Plaintiffs for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by State Farm, even if the particular harm could not have been anticipated.

Plaintiffs must prove the amount of their damages. However, Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Plaintiffs:

1.     Mental suffering, anxiety, humiliation, and emotional distress; and

2.     The cost of attorney fees to recover benefits due under the terms of Plaintiffs' insurance policy issued by State Farm.

No fixed standard exists for deciding the amount of damages for mental suffering, anxiety, humiliation or emotional distress. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover attorney fees Plaintiffs must prove that because of State Farm's breach of the obligation of good faith and fair dealing it was reasonably necessary for them to hire an attorney to recover the policy benefits. Plaintiffs may recover attorney fees they incurred to obtain policy benefits but not attorney fees they incurred for other purposes

**Authority**: Judicial Council of California Civil Jury Instruction No. 2350

| GIVEN: | | |
|---|---|---|
| REFUSED: | | |
| MODIFIED: | | |
| WITHDRAWN: | | _____<br>Hon. R. Gary Klausner |

30

|  |  | Judge of the United States District Court Central District of California |
|--|--|--|

**<u>PLAINTIFFS' OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 9</u>**

Plaintiffs object to this instruction as duplicative of Plaintiffs' Instruction No. 40.

This instruction is incomplete and misleading because it fails to identify all damages Plaintiffs claim for bad faith, including expert costs/public adjuster fees. See Plaintiffs' Instruction No. 40.

## **DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 9**

Plaintiffs' objection to Defendant's proposed jury instruction lacks merit because Plaintiffs are seeking to recover expert costs and public adjuster fees pursuant to their breach of contract claim – and this jury instruction is specifically tailored for bad faith damages, such as emotional distress and attorney's fees incurred in order to compel policy benefits. Moreover, as Plaintiffs admit in their objection to Defendant's Proposed Jury Instruction No. 1, "Plaintiffs are entitled to recover costs, such as public adjuster fees and expert fees, *if it was foreseeable that Plaintiffs would incur such costs….*" (emphasis added). However, if expert fees and public adjuster fees are included in this jury instruction, then the foreseeability requirement is effectively eliminated because this jury instruction states that bad faith damages are recoverable "even if the particular harm could not have been anticipated." Therefore, Defendant's proposed jury instruction, which does not include bad faith damages for the public adjuster and expert fees, is proper.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

### Punitive Damages – Entity Defendant – Trial Bifurcated (First Phase)

If you decide that Defendant's conduct caused Plaintiffs harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether Plaintiffs have proved that Defendant engaged in that conduct with malice, oppression, or fraud. To do this, Plaintiffs must prove one of the following by clear and convincing evidence:

1.      That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, managing agents of State Farm, who acted on behalf of State Farm; or

2.      That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of State Farm; or

3.      That one or more officers, directors, or managing agents of State Farm knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that State Farm acted with intent to cause injury or that State Farm's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that State Farm's conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that State Farm intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff.

34

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

<u>Authority</u>: Judicial Council of California Civil Jury Instruction No. 3946

| | | |
|---|---|---|
| **GIVEN:** | | |
| **REFUSED:** | | |
| **MODIFIED:** | | |
| **WITHDRAWN:** | | _____<br>Hon. R. Gary Klausner<br>Judge of the United States District Court<br>Central District of California |

# PLAINTIFFS' OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 10

Plaintiffs object to this instruction as duplicative of Plaintiffs' Instruction No. 40.

Plaintiffs object to this instruction as irrelevant because punitive damages is not bifurcated. For the same reason, it is incomplete because it fails to include instructions on awarding punitive damages.

## DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 10

Defendant's proposed jury instruction is not duplicative because Plaintiffs propose the punitive damages jury instruction when trial is not bifurcated (i.e., CACI No. 3945). Defendant, on the other hand, proposes the punitive damages jury instruction when trial is bifurcated (i.e., CACI No. 3946). Moreover, as Defendant explains in its Motion *in Limine* No. 3, the punitive damages claim should be bifurcated at trial because: (1) the differences in the burdens of proof necessary to prove liability compared to punitive damages weigh heavily in favor of bifurcation; and (2) bifurcating the issue of punitive damages will expedite trial because such additional evidence does not need to be presented should Plaintiffs fail to establish that State Farm breached the policy and that State Farm withheld policy benefits in an unreasonable fashion.  Accordingly, CACI No. 3946 is the appropriate jury instruction for Plaintiffs' punitive damages claim.