**COZEN O'CONNOR**
Valerie D. Rojas, State Bar No. 180041
*vrojas@cozen.com*
Angel Marti, III, State Bar No. 305300
*amarti@cozen.com*
601 S. Figueroa Street, Suite 3700
Los Angeles, CA  90017
Telephone: 213.892.7965
Facsimile: 213.784.9076

Attorney for Defendant
STATE FARM GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZILA NEMAN, an individual; and BIJAN NEMAN, an individual;<br><br>        Plaintiffs,<br><br>     v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. 2:19-cv-10104-RGK (AFMx)<br><br>Assigned to: Honorable R. Gary Klausner<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S PROPOSED VERDICT FORM**<br><br>Pre-Trial Conference: July 26, 2021<br>Trial Date:            August 10, 2021 |

Defendant State Farm General Insurance Company ("Defendant" or "State Farm") hereby submits the following proposed verdict form.

## STATE FARM'S PROPOSED VERDICT FORM

We, the jury in the above-entitled action, find the following special verdict on the questions submitted to us:

BREACH OF CONTRACT

QUESTION NO. 1:

Did Plaintiffs Nazila Neman and Bijan Neman ("Plaintiffs") suffer an accidental direct physical loss, all or part of which was covered under an insurance

1

policy issued by State Farm General Insurance Company ("State Farm")?

    Answer:  _____ Yes   _____ No

  If your answer to Question No. 1 is "No," stop here, answer no further questions, and have the presiding juror sign and date this form.  If your answer to Question No. 1 is "Yes," then proceed to Question No. 2.

  QUESTION NO. 2:

  Was State Farm notified of the damage to Plaintiffs' loss as required by the Policy?

    Answer:  _____ Yes   _____ No

  If your answer to Question No. 2 is "No," then stop here, answer no further questions, and have the presiding juror sign and date this form.  If your answer to Question No. 2 is "Yes," then proceed to Question No. 3.

  QUESTION NO. 3:

  Did Plaintiffs comply with their obligations under the Policy, including the "duties after loss" condition, to cooperate and assist State Farm in any matter concerning the claim?

    Answer:  _____ Yes   _____ No

  If your answer to Question No. 3 is "No," then stop here, answer no further questions, and have the presiding juror sign and date this form.  If your answer to Question No. 3 is "Yes," then proceed to Question No. 4.

  QUESTION NO. 4:

  Did Plaintiffs comply with their obligations under the Policy, including the "duties after loss" condition, to protect the property from further damage or loss (i.e., duty to mitigate their loss)?

    Answer:  _____ Yes   _____ No

  If your answer to Question No. 4 is "No," then stop here, answer no further questions, and have the presiding juror sign and date this form.  If your

2

answer to Question No. 4 is "Yes," then proceed to Question No. 5.

QUESTION NO. 5:

Did Plaintiffs supply State Farm with the necessary documentation to enable it to make a good faith determination with regard to the scope of coverage in a reasonable amount of time and in accordance with the Policy?

Answer:   _____ Yes       _____ No

If your answer to Question No. 5 is "No," then stop here, answer no further questions, and have the presiding juror sign and date this form. If your answer to Question No. 5 is "Yes," then proceed to Question No. 6.

QUESTION NO. 6:

Was the damage to Plaintiffs' property that is the subject of this litigation due to the conduct, act, failure to act, or decision of any person or group, whether intentional, wrongful, negligent, or without fault?

Answer:   _____ Yes       _____ No

If your answer to Question No. 6 is "No," proceed to Question No. 7. If your answer to Question No. 6 is "Yes," then stop here, answer no further questions, and have the presiding juror sign and date this form.

QUESTION NO. 7:

Was the damage to Plaintiffs' property that is the subject of this litigation due to wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown?

Answer:   _____ Yes       _____ No

If your answer to Question No. 7 is "No," proceed to Question No. 8. If your answer to Question No. 7 is "Yes," then stop here, answer no further questions, and have the presiding juror sign and date this form.

QUESTION NO. 8:

Was the damage to Plaintiffs' property that is the subject of this

litigation due to a settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings?

Answer: _____ Yes   _____ No

If your answer to Question No. 8 is "No," proceed to Question No. 9. If your answer to Question No. 8 is "Yes," then stop here, answer no further questions, and have the presiding juror sign and date this form.

QUESTION NO. 9:

What is the amount of the covered damage that State Farm declined to pay for each category below:

Property Damage:          $_____

Personal Property:         $_____

Proceed to Question No. 10.

QUESTION NO. 10:

If State Farm is liable for Plaintiffs' damages, what percentage of responsibility for Plaintiffs' damages do you assign to:

Plaintiff                          \_\_\_\_\_%

State Farm                      \_\_\_\_\_%

Third Party                     \_\_\_\_\_%

Total                             100 %

Proceed to Question No. 11.

BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (i.e., BAD FAITH)

QUESTION NO. 11:

Was State Farm's decision not to pay additional Policy benefits to Plaintiffs unreasonable or without proper cause?

Answer: _____ Yes   _____ No

If your answer to Question No. 11 is "No," stop here, answer no further

4

questions, and have the presiding juror sign and date this form.  If your answer to Question No. 11 is "Yes," then proceed to Question No. 12.

QUESTION NO. 12:

Was State Farm's decision not to pay additional Policy benefits to Plaintiffs, if you found that decision to be unreasonable or without proper cause in response to Question No. 11, a substantial factor in causing harm to Plaintiffs?

Answer:	_____ Yes	_____ No

If our answer to Question No. 12 is "No", stop here, answer no further questions, and have the presiding juror sign and date this form. If your answer to Question No. 12 is "Yes, then proceed to Question No. 13.

QUESTION NO. 13:

Was it reasonably necessary for Plaintiffs to employ the services of a law firm to obtain the policy benefits, if you have found in response to Question No. 11 that the Policy benefits were withheld unreasonably or without proper cause?

Answer:	_____ Yes	_____ No

If your answer to Question No. 13 is "Yes," proceed to Question No. 14.  If your answer to Question No. 13 is "No," then proceed to Question No. 15.

QUESTION NO. 14:

State the amount of attorneys' fees reasonable and necessary incurred by Plaintiffs to obtain the Policy benefits which you have found in response to Question No. 11 that were withheld unreasonably or without proper cause:

Total Attorneys' Fees Incurred	$_____

Total Attorneys' Fees To Compel Policy Benefits $_____

QUESTION NO. 15:

Was it reasonably necessary for Plaintiffs to employ the services of a public adjuster to obtain the policy benefits, if you have found in response to Question No. 11 that the Policy benefits were withheld unreasonably or without

5

proper cause?

      Answer:  _____ Yes   _____ No

If your answer to Question No. 15 is "Yes," proceed to Question No. 16. If your answer to Question No. 15 is "No," then stop here, answer no further questions, and have the presiding juror sign and date this form.

QUESTION NO. 16:

State the amount of public adjuster's fees reasonable and necessary to incur by Plaintiffs to obtain the Policy benefits which you have found in response to Question No. 15 that were withheld unreasonably or without proper cause:

    Total Public Adjuster's Fees Incurred    $_____

    Total Public Adjuster's Fees To Compel Policy Benefits

    $_____

DATED: August \_\_\_, 2021

      By: _____
          Presiding Juror.

DATED: July 25, 2021   COZEN O'CONNOR

          By:/s/*Angel Marti, III*_____
           Valerie D. Rojas
           Angel Marti, III
           Attorneys for Defendant STATE FARM GENERAL INSURANCE COMPANY